**George Anton BOMHER, Plaintiff-Appellant,**

v.

**Ronald REAGAN et al., Defendants-Appellees.**

No. 74–3172.

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1975.

George Anton Bomher, in pro per.

Carol A. Ronquillo (argued), San Diego, Cal., for defendants-appellees.

OPINION

Before HUFSTEDLER and WRIGHT, Circuit Judges, and WOLLENBERG,* District Judge.

PER CURIAM:

Appellant alleged in the district court below and on this appeal several constitutional deprivations. His fundamental claim appears to be that summary tax collection procedures are constitutionally invalid as a violation of due process.

The Franchise Tax Board sent several requests to appellant for payment of delinquent personal income taxes. Appellant declined to pay the taxes, asserting that he could only be required to pay if the tax debt were supported by a judgment of a court. The Franchise Tax Board, under the authority of California Revenue and Tax Code §§ 18906–18909, subsequently issued a warrant for collection of amounts due. The sheriff's department executed the warrant by

* Honorable Albert C. Wollenberg, Northern District of California, sitting by designation.

levy upon and sale of appellant's automobile. This procedure, alleges appellant, deprived him of due process because he was not given prior notice and hearing in a court of law wherein the tax debt could be proven.

Summary tax collection procedures, which provide for subsequent judicial review, have been sustained against constitutional challenge since the case of *Phillips v. Commissioner* (1931) 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. The Court there held that such procedures neither deprived a taxpayer of due process nor amounted to an unconstitutional delegation of judicial authority to the executive branch of government. *Id.*, at 593–594, 597–598, 51 S.Ct. 608. The exception in tax matters to prior notice and hearing was more recently reaffirmed in *Fuentes v. Shevin* (1972), 407 U.S. 67, 90–92, 92 S.Ct. 1983, 32 L.Ed.2d 556, *reh. den.* 409 U.S. 902. *See Tavares v. United States* (9th Cir. 1974) 491 F.2d 725, 726. The fact that a taxpayer disputes the tax debt, as appellant asserts he does here, does not alter the rule of *Phillips*. *See Kalb v. United States* (2d Cir. 1974) 505 F.2d 506, 510.

California revenue and tax law provides for subsequent judicial review in personal income tax matters by way of a suit in state court for a refund. California Revenue and Tax Code § 19081 *et seq.* A similar procedure was expressly held adequate as an alternative means of subsequent judicial review in *Phillips,* 283 U.S. at 597–598, 51 S.Ct. 608. Thus, appellant has not shown a constitutional deprivation based on the seizure and sale of his automobile. Since no constitutional deprivation could be found from the summary tax collection activities of appellees, there could be no actionable conspiracy. The district court committed no error in dismissing appellant's complaint brought under 42 U.S.C. §§ 1983, 1985(3) and 1986 for failure to state a claim. When a case is dismissed for failure to state a claim for relief, a pure question of law, no question of fact exists for a jury to try.

Affirmed.