Lindsey P. DONOVAN, Plaintiff,

v.

S.J. MAISEL and Fred Remyn, Agents
of the Internal Revenue Service,
Defendants.

Danny WILLIAMS, Plaintiff,

v.

S.J. MAISEL and Fred Remyn, Agents
of the Internal Revenue Service,
Defendants.

Mario VITALI, Plaintiff,

v.

S.J. MAISEL and Fred Remyn, Agents
of the Internal Revenue Service,
Defendants.

Charles WHITE, Plaintiff,

v.

S.J. MAISEL and Fred Remyn, Agents
of the Internal Revenue Service,
Defendants.

Elwin Roger CARRIER, Plaintiff,

v.

S.J. MAISEL and Fred Remyn, Agents
of the Internal Revenue Service,
Defendants.

Civ. A. Nos. 82–491, 82–500 and 82–508
to 82–510.

United States District Court,
D. Delaware.

Dec. 23, 1982.

Lindsey P. Donovan, Danny Williams, Mario Vitali, Charles White, Elwin Roger Carrier, pro se.

Joseph J. Farnan, Jr., U.S. Atty., and Peggy L. Ableman, Asst. U.S. Atty., Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

In each of these five consolidated cases, each of the plaintiffs, appearing *pro se,* has filed substantially identical complaints. Each complaint contains the conclusory allegations: (a) that the defendants, agents of the Internal Revenue Service ("IRS") of the United States, have made an erroneous levy upon the wages of the plaintiffs in an endeavor to collect income taxes, (b) that each plaintiff owed no tax last year and expects to owe none this year, (c) that the assessments are invalid on various alleged procedural grounds, and (d) that plaintiffs' employers have been recruited into an illegal

conspiracy to entrap each plaintiff into executing a second and possibly false W–4 certificate. Each plaintiff seeks temporary and permanent injunctive relief prohibiting the defendants from enforcing the levies because:

> Plaintiff will suffer irreparable injury unless an injunction issues restraining defendants from the continuance of such acts for reason that minus a final determination having been made with respect thereto, defendants deduction of such large sums from Plaintiff's pay unfairly results in a severely diminished pay, preventing plaintiff from making payments on existing debts and purchasing the necessary food, clothing or shelter for his family.

The defendants have moved to dismiss these actions. Since the defendants have filed affidavits and the Court held an evidentiary hearing in order to give the plaintiffs an opportunity to present their positions, the Court will treat the motions to dismiss as ones for summary judgment in accordance with Rule 12(b), F.R.Civ.P.

On the basis of the current record, the Court is convinced as a matter of law that summary judgments of dismissal should be granted in defendants' favor and against each of the plaintiffs. This conclusion is forced by the provisions of Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a). That provision, with exceptions inapplicable here, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

 The object of that statute is to withdraw jurisdiction from state and federal courts to entertain suits seeking injunctions prohibiting the assessment and collection of federal taxes and to require federal tax disputes to be determined in a suit for refund in District Courts or for redetermination of taxes due in the Tax Court. *Bob Jones University v. Simon,* 416 U.S. 725, 94

S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).[1] The Court in *Williams Packing* indicated that the literal terms of § 7421(a) could be avoided only upon proof by the alleged taxpayer: (1) that the subject matter of the assessment is not a tax, but merely an exaction in the guise of a tax, and (2) that equitable jurisdiction otherwise exists. *Id.* at 7, 82 S.Ct. at 1129.

With regard to the first factor of the *Williams Packing* test, the alleged taxpayer must demonstrate that "it is clear that under no circumstances could the Government ultimately prevail," *id.* p. 7, 82 S.Ct. at 1129, or as otherwise stated in *Bob Jones, supra,* 416 U.S. at 745, 94 S.Ct. at 2050, the alleged taxpayer must establish that the IRS's "action is plainly without legal basis" or that the IRS has "no chance of success on the merits." *Id.*

 It is well established at law that the burden of proving that an assessment is erroneous rests with the alleged taxpayer in a refund suit. *United States v. Rexach,* 482 F.2d 10, 15–16 (C.A. 1, 1973), *cert. denied,* 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973). The consequence of a tax assessment is analogous to a court entered judgment which has the presumption of administrative regularity, and by which governmental officers are deemed to have acted reasonably and according to law. *Bull v. United States,* 295 U.S. 247, 260, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935). In the excise tax area, the Supreme Court established the rule that proof of the making of an assessment was prima facie evidence of liability. *United States v. Rindskopf,* 105 U.S. 418, 26 L.Ed. 1131 (1882). The fact that an assessment is based on an IRS agent's erroneous view of the law or of the facts does not relieve the alleged taxpayer of the burden of establishing facts from which a proper determination can be made. *Roybark v. United States,* 218 F.2d 164 (C.A. 9, 1954); *United States v. Harris,* 216 F.2d 690 (C.A. 5, 1954).

---

1. The Supreme Court also identified a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. 370 U.S. at 7–8, 82 S.Ct. at 1129.

The cases now before the Court do not come within the compass of *Commissioner v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976). In that case it was held that § 7421(a) was inapplicable because the Government had made no disclosure as to whether the assessment had a basis in fact and it further appeared that, because the taxpayer was being extradicted to Israel, he would be irreparably injured because he would have no opportunity to later contest the validity of the assessment in the Tax Court or in a suit for a refund. *Id.* at 623, 96 S.Ct. at 1069.

▮ The facts in the present case, unlike *Shapiro,* indicate that the plaintiffs are earning income. The IRS agents' affidavits filed herein show that the plaintiffs have failed to furnish to the IRS any concrete information demonstrating that they are in fact exempt from income taxes. Moreover, the taxpayers here are not required to prove that they had no unreported income, but only to prove that they are exempt from income tax liability. As in the case of a taxpayer who fails to furnish information documenting his entitlement to a deduction, *United States v. Olympic Radio & Television, Inc.,* 349 U.S. 232, 235, 75 S.Ct. 733, 735, 99 L.Ed. 1024 (1955), the IRS was entitled to assume absent evidence furnished by the taxpayer that the taxpayer was not entitled to an exemption from income taxes. *See United States v. Steward,* 311 U.S. 60, 71, 61 S.Ct. 102, 109, 85 L.Ed. 40 (1940); *Commissioner v. Baertschi,* 412 F.2d 494, 499 (C.A. 6, 1970); *Equitable Life Insurance Company of Iowa v. United States,* 340 F.2d 9, 12 (C.A. 8, 1965). The IRS is not required to accept the taxpayer's unsubstantiated allegation that he is exempt from taxes on his wages.

▮ Thus, the Court concludes that the plaintiffs have failed to satisfy the first factor of the *Williams Parking* test because they have not demonstrated that the Government would not prevail in a refund case. Having failed to meet this first test, it is unnecessary to consider the second requirement of establishing grounds for equitable relief. *United States v. American Friends Service Committee,* 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974).

▮ Even if it is assumed arguendo that plaintiffs met the first test, they have also failed to satisfy the second test because conclusory allegations of irreparable harm do not satisfy that test. *Missouri Valley Intercollegiate Athletic Association v. Bookwalter,* 276 F.2d 365 (C.A. 8, 1960). Each plaintiff here has an adequate remedy at law, namely, a refund suit. *Stonecipher v. Bray,* 653 F.2d 398 (C.A. 9, 1981). The financial difficulties which the plaintiff may encounter pending the Tax Court proceeding, do not establish irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 88–92, 94 S.Ct. 937, 952–54, 39 L.Ed.2d 166 (1974). Likewise, the alleged prevention of payment of other debts does not constitute irreparable harm. Furthermore, the IRS levy is limited by 26 U.S.C. § 6334(d) which exempts a portion of each week's wages from the reach of the levy. It would be absurd to assume that the taxpayers in these circumstances would be *irreparably* injured when no concrete facts are alleged showing such requisite injury.

▮ Finally, the plaintiffs appear to argue that they need not meet the standards of § 7421(a) because they have had no prior judicial review of the assessments. In *Bob Jones University v. Simon, supra,* the petitioner sought to enjoin the Government's revocation of the petitioner's tax exempt status. The petitioner contended "that forcing it to meet the standards of [Section 7421(a) and *Williams Packing*] would deny it due process of law in light of the irreparable injury it will suffer pending resort to alternative procedures for review and of the alleged inadequacies of those remedies at law." 416 U.S. at 746, 94 S.Ct. at 2050. The Supreme Court, in response to this contention, held that the case was governed by *Williams Packing* and stated that "The Court dismissed out of hand similar contentions nearly 60 years ago, and we find such arguments no more compelling now than then." *Id.* In footnote 20 to this statement, the Supreme Court, quoting *Dodge v. Osborne,* 240 U.S. 118, 122, 36 S.Ct. 275, 276, 60 L.Ed. 557 (1916), noted that:

There is a contention that the provisions requiring an appeal to the Commissioner of Internal Revenue after payment of the taxes and giving a right to sue in case of his refusal to refund are wanting in due process and therefore there is jurisdiction [to issue injunctive relief prior to the assessment or collection of any tax]. But we think it suffices to state the contention to demonstrate its entire want of merit.

416 U.S. at 746 & n. 20, 94 S.Ct. at 2050 & n. 20.

The Supreme Court has consistently permitted summary seizure of property by the United States, without judicial interference, for collection of taxes based on the need of the Government promptly to secure its revenues. *Phillips v. Commissioner,* 283 U.S. 589, 595–97, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931); *Fuentes v. Shevin,* 407 U.S. 67, 90–92, 92 S.Ct. 1983, 1999–2000, 32 L.Ed.2d 556 (1972). The lower courts have repeatedly upheld the constitutionality of levy prior to judicial review. *Bomher v. Reagan,* 522 F.2d 1201 (C.A. 9, 1974); *United States v. Heck,* 499 F.2d 778, 792 (C.A. 9, 1974); *Tavares v. United States,* 491 F.2d 725 (C.A. 9, 1974); *Trent v. United States,* 442 F.2d 405 (C.A. 6, 1971); *Matthews v. United States,* 33 A.F.T.R.2d 74–1038 (S.D. Tex.1974) (3–Judge Court); *Muncaster v. Baptist,* 367 F.Supp. 1120, 1123 (N.D.Ala. 1973).

Thus, the Court finds plaintiffs' argument of their right to prior judicial review before the assessment and collection of federal taxes to be without merit.

For all the reasons discussed above, the Court concludes that each of these actions are barred by 28 U.S.C. § 7421(a) and summary judgment of dismissal will be entered in all five cases.

The above shall constitute the Court's findings of fact and conclusions of law as required by Rule 52(a), F.R.Civ.P.

## FINAL JUDGMENT

For the reasons set forth in the Court's Memorandum Opinion entered in the above five cases this date, it is

ORDERED:

1. The defendants' motions for summary judgments dismissing all of the above five actions are hereby granted and costs are hereby taxed against the plaintiffs pursuant to Rule 54(d), F.R.Civ.P.

2. The Clerk shall forthwith mail and/or deliver a copy of the Court's Memorandum Opinion and this Order to Peggy L. Ableman, Esq., Assistant United States Attorney, and to each of the named plaintiffs.