**Gloria J. WINCHESTER, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. No. 87CV70298DT.**

United States District Court, E.D. Michigan, S.D.

July 17, 1987.

John Pogurek, Birmingham, Mich., for plaintiff.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., for defendant.

**ORDER**

DeMASCIO, District Judge.

Plaintiff commenced this action on January 30, 1987 seeking to enjoin the Internal Revenue Service (IRS) from collecting an assessment. After conferring with coun-

sel, this court entered a temporary restraining order enjoining defendant from enforcing its lien on plaintiff's bank account and freezing the funds in the account pending resolution of this matter. Defendant now moves to dismiss, contending that this action is barred by the Anti–Injunction Act, 26 U.S.C. § 7421.

On April 7, 1986 the Internal Revenue Service assessed a 100% penalty against plaintiff pursuant to IRC § 6672 because she failed to account for and pay over the withholding and FICA taxes due and owing from Cab & Chassis, Inc. for the second quarter of 1984 through the third quarter of 1985. The amount of the assessment was $23,648.15. The facts that defendant relied upon in making the assessment were that according to the corporation's 1984 tax return, plaintiff owned 50% of stock of Cab & Chassis. Plaintiff was also listed on various corporation documents as a vice-president, treasurer, and secretary, and had check-signing authority on at least one of the corporation's two checking accounts. Finally, a form filed with defendant indicated that plaintiff received $3,059 in profits from the corporation in 1984.

On January 28, 1987 defendant served a notice of levy on the Manufacturers Bank directing it to turn over all property in its possession belonging to plaintiff. Plaintiff maintained an account at the bank, which, on that date, had a balance of $25,686.33. Those funds apparently remain frozen pursuant to the temporary restraining order.

Plaintiff states in the complaint that she is currently unemployed and is supporting herself and her minor child with this money. She obtained the money through the sale of her home, as part of her divorce settlement. If the money is attached, plaintiff states she will be forced to apply for welfare benefits and may face bankruptcy. Plaintiff thereafter filed this action to enjoin defendant from enforcing the levy.

The Anti–Injunction Act provides that with certain exceptions:

> no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421. It is undisputed that this is an action to restrain the collection of a tax. The statutory exceptions to the Act are not applicable here. The courts, however, have created another exception that may provide relief to plaintiff in this case.

In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962), the Court held that § 7421 will not apply when the taxpayer can demonstrate that 1) he/she is certain to prevail on the merits and 2) equity jurisdiction otherwise exists. Under the first prong plaintiff must establish that under no circumstances could the government ultimately prevail. *Id.* This determination is made on the basis of the information available to the government at the time of the suit.

■ The IRS assessed the penalty against plaintiff in this case pursuant to 26 U.S.C. § 6672, which provides that any person who willfully fails to account for and pay over withholding taxes shall be liable for the full amount not paid over to the government. Liability attaches only "to responsible persons" who "willfully" fail to pay over the amount due. *McGlothin v. United States*, 720 F.2d 6, 8 (6th Cir.1983). Plaintiff contends that the defendant cannot establish either of these requirements.

■ The test for determining responsibility under § 6672 is "essentially a functional one, focusing upon the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursements of funds and the priority of payments to creditors." *Gephart v. United States*, 820 F.2d 761 (6th Cir.1987). Courts have relied on the following factors in determining whether persons were responsible for the payment of withholding taxes: 1) the duties of the officer as outlined by the corporate by-laws; 2) the ability of the person to sign corporate checks; 3) the identity of the officers, directors, and shareholders of the corporation; 4) the identity of the individuals who hired and fired employees; 5) the identity of the indi-

viduals who were in control of the financial affairs of the corporation. *Id.* at 7.

Defendant contends that plaintiff was a responsible person because she was listed as an officer of the corporation, could sign checks on one corporate account, and owned 50% of the stock of the corporation. Plaintiff contends in the verified complaint and motion, however, that Cab & Chassis was operated solely by her ex-husband Leland Winchester after 1982. Mr. Winchester submitted an affidavit stating that plaintiff was not involved in the business after that date and that he prepared all tax returns and corporate books and records for the periods in question. Plaintiff's signature does not appear on any of the IRS filings relied upon by defendants. The "facts" relied upon by defendant do not refute plaintiff's assertion that she was not involved in running the business. Even if she was an officer and stockholder, there is no evidence that she exercised any degree of influence or control over the financial affairs of the corporation.

Defendant relies upon the same evidence to establish plaintiff's willfulness. The Sixth Circuit defined willfulness in *Calderone v. United States*, 799 F.2d 254 (6th Cir.1986):

> More than mere negligence is required for "willfulness;" a person is not "willful" if as a result of negligence he is unaware of the default in the payment of payroll taxes.... But willful conduct may also include "a reckless disregard for obvious or known risks."

Plaintiff has stated that she had no knowledge of the corporation's failure to pay over the withholding taxes. Defendant has not come forward with any evidence to the contrary. On the basis of the information defendant relied upon in making the assessment, it cannot establish willfulness.

■ Defendant next contends that even if plaintiff demonstrates that the government could not prevail on the merits, plaintiff cannot meet the second prong of the *Enochs* test because she has an adequate remedy at law; i.e., a suit for a refund after the tax is collected. There is extensive authority for this position, even where the taxpayer alleges serious financial hardship if forced to pay the tax. *See Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 314 (2d Cir.1980); *Laino v. United States,* 633 F.2d 626, 629 (2d Cir.1980); *Pascoe v. Internal Revenue Service,* 580 F.Supp. 649 (E.D.Mich.1984); *P.K. Restaurant v. Internal Revenue Service,* 535 F.Supp. 1223 (N.D.Ohio 1982); *Donovan v. Maisel,* 559 F.Supp. 171 (D.Del.1982). In most of these cases, the taxpayer had the opportunity to challenge the assessment or deficiency before a levy or other collection action. The courts appear to be undisturbed, however, by the fact that judicial review is often available only after the tax is paid. As the Supreme Court noted in *Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1973):

> There is a contention that the provisions requiring an appeal to the Commissioner of Internal Revenue after payment of the taxes and giving a right to sue in case of his refusal to refund are wanting in due process and therefore there is jurisdiction [to issue injunctive relief prior to the assessment or collection of any tax]. But we think it suffices to state that contention to demonstrate its entire want of merit.

(Quoting *Dodge v. Osborn,* 240 U.S. 118, 122, 36 S.Ct. 275, 276, 60 L.Ed. 557 (1916).) The courts permit summary seizures for collection of taxes without judicial interference "based on the need of the government promptly to secure its revenues." *Donovan,* 559 F.Supp. at 175.

Although the court is reluctant to permit the government to collect an assessment without first showing that plaintiff is subject to the tax, it cannot grant plaintiff the relief she requests in this matter. Plaintiff must pay at least a portion of the tax and sue for a refund to bring the question of her responsibility for the tax before the court.

Accordingly, defendant's motion to dismiss will be granted.

IT IS SO ORDERED.