T.C. Memo. 2009-2


UNITED STATES TAX COURT


PHILLIP DAVID HICKEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14874-07L.              Filed January 5, 2009.


     R asserted trust fund recovery penalties under
sec. 6672, I.R.C., against P and sent a preassessment
notice to P's last known address by certified mail.
The U.S. Postal Service (USPS) returned the notice
unclaimed.  R assessed the penalties and mailed a
notice and demand for payment.  R issued a final notice
of intent to levy.  P requested a CDP hearing,
asserting that the assessment is invalid and that
payments were not properly applied.

     R issued a notice of determination and a
supplemental notice of determination sustaining the
proposed levy, and P filed a timely petition.

     <u>Held</u>:  The notice of proposed assessment was
mailed to P's last known address pursuant to secs.
6672, I.R.C., and 6212(b), I.R.C.

Held, further, the assessment of the sec. 6672 penalty following the notice mailed to P's last known address did not violate P's due process rights.

Held, further, R's supplemental determination is sustained.

Phillip David Hickey, pro se.

A. Gary Begun, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, Chief Special Trial Judge:  This case is before the Court on petitioner's request for judicial review of an Internal Revenue Service (IRS) determination to sustain a notice of intent to levy to collect assessed trust fund recovery penalties.

Respondent assessed trust fund recovery penalties, plus statutory interest, against petitioner as follows:

| Tax Period (quarter ending) | Trust Fund Recovery Penalty Assessed |
| --- | --- |
| March 2001 | $77,594.44 |
| June 2001 | 92,967.61 |
| September 2001 | 66,715.50 |
| Total | 237,277.55 |

This collection action requires us to decide:  (1) Whether petitioner's challenges to the underlying tax liabilities require any adjustment to those liabilities; and (2) whether the IRS

abused its discretion in determining that collection by levy may proceed.

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated, and we so find.

Petitioner was an attorney and resided in Michigan when he filed the petition. Petitioner was a 49.5-percent owner of Tartar Acquisitions, Ltd. (Tartar). Tartar owned three golf courses. Petitioner signed general and payroll account checks for Tartar during 2001. Petitioner was the person in charge of the company, and he admitted: (1) That he was a responsible person with respect to Tartar's employment taxes; (2) that he failed to pay the employment taxes; and (3) that his failure was willful.

By certified mail on January 28, 2005, the IRS sent notices dated January 27, 2005, to petitioner's last known address.[1] The IRS included Letter 3164A(DO), which stated that IRS information indicated that petitioner was a responsible person with respect to Tartar's unpaid employment taxes. The mailing also included Letter 1153(DO), which stated that attempts to

---

[1] The postmark on the returned notice indicates it was mailed Jan. 28, 2005. For convenience, we will refer to this as the Jan. 27, 2005, notice.

collect the Federal employment taxes had not resulted in full payment. The letter informed petitioner that the IRS proposed to assess a penalty against him personally for the unpaid taxes. The letter also informed petitioner that he had the right to appeal and that he had to mail a written appeal within 60 days of the date of the letter to preserve his right to appeal. The USPS attempted delivery of the January 27, 2005, notice on January 31, February 6, and February 16, 2005, before returning the notice to the IRS marked "Unclaimed". The IRS received the unclaimed notice on February 28, 2005.

On April 15, 2005, the IRS assessed the civil penalties against petitioner for the three periods at issue. The parties agree that the assessment was timely. Also on April 15, 2005, the IRS sent a notice and demand for payment to petitioner's last known address.

The IRS issued petitioner a notice of intent to levy for the assessed civil penalties on September 4, 2006, and a final notice of intent to levy, together with notice of petitioner's right to an IRS Appeals Office hearing, on December 6, 2006. Petitioner submitted a timely Form 12153, Request for a Collection Due Process Hearing, stating that he never received any preassessment

notice for the employment taxes and that he did not have an opportunity to dispute his liability for those taxes.[2]

The parties scheduled a hearing for May 24, 2007. Petitioner was ill in May 2007 and did not attend any hearing. On June 11, 2007, the IRS issued a notice of determination sustaining the levy on the basis of the administrative record, which included papers petitioner submitted to the Appeals officer. Petitioner timely petitioned for judicial review, and we remanded this case to the IRS Appeals Office so that petitioner could participate in a collection hearing.

At the collection hearing held on January 17, 2008, petitioner disputed the amount of the underlying tax liability, questioning whether all of the $20,000 payments made by Tartar had been properly credited. He also challenged the validity of the assessment.

In a supplemental notice of determination dated March 6, 2008, the settlement officer (SO) explained that petitioner could challenge his liability for the employment taxes because he had not received the preassessment notice. The SO also explained that the IRS had reversed credits for three $20,000 payments by Tartar after the drawee bank dishonored the checks. The SO also explained that she had found a fourth $20,000 payment, made on

---

[2] In his collection hearing request, petitioner referred to a notice of deficiency, but it is clear that his dispute involves his not receiving the notice of proposed assessment.

February 1, 2002, which cleared, and that this payment had initially been posted to Tartar's account for the period ending March 31, 2002.  However, by that date Tartar was no longer conducting business, and the SO acknowledged that Tartar had no reporting obligation for that period.  Before issuing the supplemental notice of determination, the SO requested that petitioner indicate by January 25, 2008, how he wanted this $20,000 payment applied, extending him the opportunity to designate the payment to Tartar's trust fund liabilities.  The March 6, 2008, supplemental notice of determination also indicated that the $20,000 payment would be moved to the March 31, 2001, period as an undesignated payment (because petitioner had not responded to the SO's request for instructions as of February 25, 2008) and that if the IRS applied any of the payment to the trust fund taxes, then it would adjust petitioner's account accordingly.

The SO considered and rejected petitioner's claim that the January 27, 2005, notice was invalid because of petitioner's failure to claim the notice and the IRS's subsequent failure to do more to attempt to notify him of the proposed assessment after the USPS returned the unclaimed mail.  The SO recited that petitioner did not express any interest in collection alternatives and did not provide the information required to consider collection alternatives.  Finally, the SO concluded that

the legal and procedural requirements had been met in issuing the notice of intent to levy, that collecting by levy was no more intrusive than necessary, and that the Appeals Office should sustain the levy.

At trial petitioner argued that he had not been credited for all of the payments made toward the employment tax liability, that the assessment was invalid because he did not receive notice of the proposed assessment, that any later assessment would be outside the period of limitations, and that the IRS violated his due process rights under the Fifth Amendment to the Constitution by assessing without attempting further notice after the USPS returned the notice unclaimed.  Petitioner asked the Court to prevent the IRS from collecting erroneously assessed penalties.

OPINION

We have jurisdiction under section 6330(d)(1) to review the IRS's determination that the levy notice was proper and that the IRS may proceed to collect by levy.[3]

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the

[3] The Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, amended sec. 6330(d) and granted this Court exclusive jurisdiction over all sec. 6330 determinations made after Oct. 16, 2006.  Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).  Here, the Internal Revenue Service (IRS) made the initial determination Jun. 11, 2007, and the supplemental determination Mar. 6, 2008.

Commissioner's determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding proposed collection actions for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006). If the Court finds that a taxpayer is liable for deficiencies, additions to tax, and/or penalties, then other aspects of the Commissioner's administrative determination sustaining the collection action will be reviewed for abuse of discretion. See Downing v. Commissioner, 118 T.C. 22, 31 (2002); Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).

At the collection hearing, a taxpayer may raise any relevant issues relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. In addition, he may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability. Sec. 6330(c)(2)(B).

In making a determination following a collection hearing, the IRS must consider: (1) Whether the requirements of any applicable law or administrative procedure have been met, (2) any relevant issues raised by the taxpayer, and (3) whether the proposed collection action balances the need for efficient collection with legitimate concerns that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Petitioner makes three challenges to the existence or amount of the underlying tax liability: (1) That several payments of $20,000 were made against the employment tax liability but the IRS did not properly credit one or more such payments; (2) that the assessment was invalid because he did not receive any advance notice of the proposed assessment; and (3) that the assessment was constitutionally procedurally defective because the IRS failed to attempt to notify him of the proposed assessment after the USPS returned the initial notice.

1. Payments Properly Credited

Petitioner asserted that several $20,000 payments had been made toward the employment tax liability and that he believed one or more of those payments cleared Tartar's bank.

The SO determined that three of four $20,000 checks did not clear and that the IRS had properly reversed credits for those three payments after the drawee bank dishonored the checks. The SO also determined that a fourth $20,000 payment did clear and

had been applied to Tartar's account (for a period after Tartar's reporting obligations ceased because it had stopped conducting business).  She offered petitioner the opportunity to specify how that fourth payment should be applied and then moved that payment to the earliest period at issue in this case.[4]

Petitioner did not demonstrate at the section 6330 hearing or at trial that either he or Tartar is entitled to credit for any further payments.  See Rule 142.

## 2. Validity of Assessment Following Unclaimed Notice

Petitioner argues that the assessment of the trust fund recovery penalty was improper because he did not receive the notice the IRS sent to him and because the IRS made no further effort to notify him of the proposed assessment after the USPS returned the unclaimed notice to the IRS.

Section 6671(a) provides that certain assessable penalties (which include the section 6672 trust fund recovery penalties) are assessed and collected in the same manner as taxes and that

---

[4] The record indicates that petitioner did not respond to the request for instructions regarding the application of this $20,000 payment and that the settlement officer (SO) applied the payment to Tartar's account for the earliest period at issue in this case (the quarter ending March 2001) as an undesignated payment.  Petitioner did not challenge this application of this payment, and he did not allege at trial that he had instructed the SO to apply this payment any differently.  The record does not explain why petitioner passed up the opportunity to reduce his personal liability by directing the SO to apply this payment to Tartar's trust fund liabilities.

any references to "tax" in the Code shall be deemed also to refer to such penalties.

Section 6672(a) provides that a person required to collect, account for, and pay over taxes who willfully fails to do so or who willfully attempts to evade or defeat any such tax shall be liable for a penalty equal to the total amount of tax evaded, not collected, or not accounted for and paid over. Petitioner admitted that he was a responsible person required to collect and pay over withholding taxes for Tartar, that he failed to pay the taxes, and that his failure was willful. Therefore, he contests the underlying tax liability (the section 6672 penalties) only on procedural grounds.

Section 6672(b)(1)and (2) provides: (1) That no penalty may be imposed unless the Secretary notifies the taxpayer in person or in writing by mail to an address as determined under section 6212(b) that the taxpayer shall be subject to assessment for such penalty; and (2) that in-person delivery or mailing of the notice must precede any notice and demand for payment of the section 6672 penalty by at least 60 days.

Congress enacted section 6212(b)(1) as a safe harbor that protects the IRS by establishing a procedure for giving notice to a taxpayer of a deficiency in the taxpayer's income, gift, and certain excise taxes and providing that notice pursuant to that section shall be sufficient for purposes of assessment. Under

section 6212(b)(1), a notice of deficiency mailed to a taxpayer's last known address is valid even if it is never received. <u>Wiley v. United States</u>, 20 F.3d 222, 224 (6th Cir. 1994); <u>Frieling v. Commissioner</u>, 81 T.C. 42, 52 (1983).

Furthermore, "Under I.R.C. § 6212(b), validity of the notice turns on whether the IRS used the last known address when the notice was <u>mailed</u>. Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned; indeed, a notice mailed to the last known address is sufficient even if it is never received." <u>King v. Commissioner</u>, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); accord <u>Borgman v. Commissioner</u>, 888 F.2d 916, 917-918 (1st Cir. 1989) (the section 6212(b)(1) safe harbor renders an unreceived notice valid if the IRS mailed it to the taxpayer's last known address), affg. T.C. Memo. 1984-503; see also <u>Gille v. United States</u>, 33 F.3d 46, 48 (10th Cir. 1994) (notices are not rendered invalid because they are returned as "undeliverable"; rather, such notices are valid if they are sent to a taxpayer's last known address, irrespective of receipt).

Finally, legislative history explains that because some employees might not be aware of their personal liability under section 6672, Congress imposed a preliminary notice requirement to require "the IRS to issue a notice to an individual the IRS

had determined to be a responsible person".[5]  H. Rept. 104-506, at 39 (1996), 1996-3 C.B. 49, 87.  This history does not appear to indicate a congressional intent to require any more than that the IRS send the preassessment notice to a taxpayer's last known address.

It would appear that by the reference to section 6212(b) in section 6672(b)(1) Congress intended to apply the safe harbor to notices of proposed assessment of section 6672 penalties.

The IRS sent the January 27, 2005, notice to petitioner's last known address.  The IRS assessed the section 6672 penalty on April 15, 2005, more than 60 days after mailing the notice and within the period for assessment established by section 6501(a).[6]  Because the IRS mailed the section 6672 notice to petitioner's last known address and neither personal service nor actual receipt is required, we conclude that the notice was sufficient.  Because the IRS timely assessed the section 6672 penalties

---

[5] Congress added the preassessment notice requirement to sec. 6672 in 1996.  See Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 901(a), 110 Stat. 1465 (1996) (codifying the preliminary notice requirement at sec. 6672(b)); Riley v. United States, 118 F.3d 1220, 1222 (8th Cir. 1997).

[6] The Internal Revenue Code generally provides a 3-year period of limitations on the IRS's assessing taxes.  See sec. 6501(a).  As to withholding taxes due with respect to a given calendar year, the statute of limitations begins to run on Apr. 15 of the following year.  See sec. 6501(b)(2).  The limitations period for assessing "responsible person" liabilities is substantially the same.  See secs. 6671(a) and 6672(b)(3).  The instant assessment was timely.

following a procedurally sufficient notice, we conclude that the assessment is valid.[7]

3. Due Process Violation

Petitioner argues that the IRS violated his rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution by failing to do more than merely send notice of the proposed assessment to his last known address via certified mail. Petitioner relies on Jones v. Flowers, 547 U.S. 220 (2006), for the proposition that the Government must do more to notify an individual after the USPS returns an initial notice and thereby makes the Government aware that its attempt to notify the individual by certified mail failed.[8]

---

[7] Sec. 6303 requires the IRS to give notice and to demand payment within 60 days of assessment by leaving the notice and demand at the taxpayer's dwelling or usual place of business or mailing it to the taxpayer's last known address. The relevant regulations contain a cross-reference to the regulations under sec. 6212 for the definition of the last known address. Sec. 301.6303-1, Proced. & Admin. Regs. Petitioner does not allege either that he did not receive the notice and demand or that the IRS did not send it, and the record indicates that the IRS mailed the required postassessment notice and demand to petitioner's last known address on Apr. 15, 2006, the same day it assessed the penalties at issue. Because it is clear from the record that, like the preassessment sec. 6672(b) notice, the IRS mailed the notice and demand to petitioner's last known address, it is apparent that this statutory prerequisite to collection also was satisfied. Sec. 6331; see also United States v. Chila, 871 F.2d 1015, 1018-1019 (11th Cir. 1989).

[8] Petitioner stipulated that the IRS mailed the notice by certified mail to his last known address, but he does not explain his failure to claim the notice.

In <u>Jones v. Flowers</u>, <u>supra</u> at 225, the Supreme Court considered whether due process "requires the government to take additional reasonable steps to notify a property owner when notice of a tax sale is returned undelivered." The Arkansas statute at issue in <u>Jones</u>, instructed the commissioner of State lands to use certified mail to notify the property owner at the owner's last known address. Ark. Code Ann. sec. 26-37-301(a)(1) (1997).[9] The trial court and State supreme court held that the statute complied with constitutional procedural due process.

After acknowledging that its precedent does not require actual notice, the Supreme Court decided that notice of the taking, if otherwise procedurally adequate, was no longer adequate once it was returned undelivered, holding that the Fourteenth Amendment required the State to take additional reasonable steps to notify the property owner. <u>Jones v. Flowers</u>, <u>supra</u> at 224-226.

The Arkansas statute specified the notice required after the Commissioner of State Lands received tax delinquent land and before such land may be taken and sold at a tax sale. In contrast, section 6212(b)(1) provides that notice of a tax deficiency mailed to a taxpayer's last known address shall be

---

[9] The Arkansas statute now requires the commissioner of State lands to mail the notice to the owner by regular mail if the USPS returns the original certified mail notice unclaimed. Ark. Code Ann. sec. 26-37-301(a)(3) (Supp. 2007).

sufficient for purposes of procedures relating to determination and  assessment of such deficiencies.  The purposes of these statutes are different.  The first relates to the notice required before a property owner loses his property to State action.  The second concerns notice before the IRS officially records a taxpayer's liability for taxes owed (or assessable penalties). Secs. 6203, 6671(a).  The first raises constitutional due process concerns under the Fifth and/or Fourteenth Amendments because it involves a taking.[10]  The second does not implicate either due process clause because it does not involve a taking.  Simply put, the assessment at issue did not deprive petitioner of any property without due process of law because it did not deprive him of any property.

This case is similar to Jones v. Flowers, supra, in that a notice was returned unclaimed.  However, Jones is distinguishable because the notice at bar is not a notice of the forfeiture of property or of a governmental taking of property.[11]  Instead, this is a notice of proposed assessment.  There was no taking at issue in this case on January 27, 2005, when the IRS mailed the

---

[10] "No person shall * * * be deprived of life, liberty, or property, without due process of law".  U.S. Const. amend. V.

[11] However, the Supreme Court did suggest a parallel between the Arkansas statute and sec. 6335(a), which requires the Treasury to give notice to the owner of property before selling it to pay back taxes.  Jones v. Flowers, 547 U.S. 220, 228 n.2 (2006).  Neither sec. 6335(a) nor a Federal tax taking is the subject of the notice at issue in this case.

notice to petitioner's last known address.  Nor was there a taking on April 15, 2005, when the IRS assessed the trust fund recovery penalties.

On December 6, 2006, the IRS issued the final notice of intent to levy and provided petitioner with an opportunity for a collection hearing.  Petitioner requested and received what is colloquially called a collection due process hearing.  Furthermore, at that hearing the SO afforded petitioner the opportunity to challenge the existence and amount of the underlying tax liability precisely because petitioner had not had a prior opportunity to dispute his personal liability for the unpaid employment taxes.  See sec. 6330(c)(2)(B).

Petitioner's reliance on Jones v. Flowers, supra, is misplaced because the notice of proposed assessment mailed to his last known address was valid, see sec. 6212(b)(1), the assessment was timely and proper, see secs. 6501(a), 6672(b)(2), and neither deprived petitioner of any property.[12]  Thus, the assessment of

---

[12] Furthermore, the Constitution's procedural due process protections require that individuals receive "notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).  The notice the IRS mailed on Dec. 6, 2006, provided petitioner notice of the proposed levy and an opportunity to present his case to an Appeals officer.  Petitioner exercised his right to challenge that collection action and argued his case before the settlement officer at a hearing on Jan. 17, 2008.  This case is before us to review the IRS's levy action.

Although petitioner did not specifically argue that he must
(continued...)

the section 6672 penalty following notice mailed to petitioner's last known address did not violate his rights to procedural due process.

4.  Conclusion

The supplemental notice of determination indicates that the SO considered relevant issues petitioner raised, whether the IRS met the requirements of applicable law and administrative procedure, and whether the proposed collection action balances collection efficiency and intrusiveness.  Petitioner did not raise any spousal defenses or pursue any collection alternatives. In response to the issues petitioner raised, the SO considered and rejected his challenge to the validity of the assessment as well as his constitutional argument, and she considered his assertions about the $20,000 payments (ultimately crediting one such payment to the earliest period at issue).[13]

---

[12](...continued)
be entitled to preassessment judicial review, it is well settled that a taxpayer may gain access to a refund forum by paying the tax for one employee, requesting a refund, and filing suit, sec. 6672(c); Steele v. United States, 280 F.2d 89 (8th Cir. 1960), and that this procedure is not violative of any constitutional guaranties, Phillips v. Commissioner, 283 U.S. 589 (1931); Bomher v. Reagan, 522 F.2d 1201, 1202 (9th Cir. 1975); Kalb v. United States, 505 F.2d 506 (2d Cir. 1974).

[13] In the absence of any evidence to the contrary, we are satisfied that the SO's evaluating the $20,000 payments and finding one cleared payment in her search of IRS records demonstrate that she properly considered this issue.

The SO satisfied the requirements of section 6330, and we conclude that respondent's decision sustaining the proposed levy action was neither erroneous nor an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.