**R. M. STEELE and F. V. Stubblefield,
Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 1468.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

May 1, 1959.

Bethell & Pearce, Fort Smith, Ark., for plaintiff.

Chas. W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

The motion of defendant to dismiss the complaint of the plaintiffs for lack of jurisdiction is before the court.

The plaintiffs are citizens of Arkansas and reside in the City of Fort Smith, Sebastian County, Arkansas. Prior to January 1, 1955, and at all times subsequent thereto the plaintiff, F. V. Stubblefield, was President, and the plaintiff, R. M. Steele, was Secretary of Davidson-Steele, Inc., a corporation that was engaged in constructing sewage disposal plants. The corporation contracted to construct disposal plants at Tulsa, Oklahoma, and Hot Springs, Arkansas, and performance bonds for each of the jobs were written by a bonding company. The corporation defaulted in the work, and under the terms of the performance bonds the bonding company took possession of payments received from the contracts of the corporation, including the two jobs above mentioned, and assumed responsibility for and control over payments made for labor, material and all other expenses of such corporation. Contemporaneously with the taking over of the work, the bonding company also obtained a chattel mortgage from the corporation upon substantially all of its equipment except small, isolated items. Under the arrangement between the bonding company and the corporation, all checks of the corporation had to be countersigned by a representative of the bonding company located in St. Louis, Missouri, and during all times material herein, neither of the plaintiffs nor both of them acting together could withdraw funds from the corporation's bank account without the countersignature of a representative of the bonding company.

The plaintiffs assert that the court has jurisdiction of their claims by virtue of the provisions of Titlè 28 U.S. C.A. Sec. 1346(a) (1), which statute provides:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *."

In paragraph 3 of the complaint the plaintiffs allege:

"This is a suit for recovery of so-called '100 per cent penalties' erroneously assessed against and collected from plaintiffs. Such penalties were asserted by the District Director of Internal Revenue for the Arkansas District under Section 6671 of the Internal Revenue Code of 1954 [26 U.S.C.A. § 6671]. The assessment of such penalties resulted from a finding by said District Director that plaintiff Stubblefield and plaintiff Steele, as President and Secretary respectively of Davidson-Steele, Inc., a corporation, willfully failed to pay over to the Internal Revenue Service income tax withholdings and Federal Old Age Benefit withholdings of Davidson-Steele, Inc. for quarters ended March 31, 1955, and June 30, 1955.

"a. The claimed penalties aforesaid were assessed and portions thereof paid as follows:

"$5,186.47 penalties were assessed against plaintiff Stubblefield on May 16, 1958. $50.00 thereof was paid on June 9, 1958.

"$5,186.47 penalties were assessed against plaintiff Steele on May 16, 1958. $50.00 thereof was paid on June 9, 1958."

Title 26 U.S.C.A. § 6671, provides:

"(a) Penalty assessed as tax.— The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title' to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

"(b) Person defined.—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 828."

Section 6672, supra, provides:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 828."

As heretofore stated, the plaintiffs were officers of Davidson-Steele, Inc., and because of the fact that they were President and Secretary of the corporation they were under the duty to perform any act required of the corporation.

On June 9, 1958, each of the plaintiffs paid $50 on the assessment. On June 20 plaintiff, R. M. Steele, filed a claim for a refund of the $50 paid by him plus interest. Plaintiff, F. V. Stubblefield, on June 30 filed a similar claim for refund. The District Director of Internal Revenue has disallowed such refund claims, but has not mailed official notice of disallowance to plaintiffs or to either of them. However, more than six months have elapsed since such refund claims were filed, and the plaintiffs are not barred from instituting this suit because of not having received official notice of the disallowance of the claims.

The plaintiffs further allege:

"The plaintiffs and each of them have exhausted their administrative remedies, and despite plaintiffs' demands for administrative relief, the representatives of the defendant insist upon retaining said penalties which erroneously assessed and collected without authority and wrongfully, as aforesaid."

Each of the plaintiffs prays for judgment for the sum of $50 with interest at six per cent per annum from June 1, 1958, the date that each paid $50 on the assessment.

In Bushmiaer v. United States, D.C. W.D.Ark.1955, 131 F.Supp. 589, this court held that 28 U.S.C.A. § 1346(a) (1) did not confer jurisdiction upon a district court where the entire amount of the tax alleged to be due had not been paid.

In Flora v. United States, 1958, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, the court held that a taxpayer must pay the full amount of an income tax deficiency assessed by the Commissioner of Internal Revenue before he may challenge its correctness by a suit in a federal district court for refund under 28 U.S.

C.A. § 1346(a) (1). The plaintiffs contend, however, that the assessment in the instant case is divisible into numerous taxable units and that the payment of a single taxable unit—in this case the amount to be withheld from any one employee's wages—is sufficient to confer jurisdiction upon the district court in a suit to recover the amount paid provided only that the amount paid is full payment of the smallest taxable unit.

They cite in support of their contention the case of Jones v. Fox, D.C.D.Md., 162 F.Supp. 449, which includes the original opinion of July 11, 1957, supplemental opinion of May 26, 1958, and addendum of June 27, 1958.

The court has read the Jones case, but does not believe that it is applicable to the facts alleged by plaintiffs in the case at bar. Relying upon Jones v. Fox, supra, the plaintiffs have argued that the tax imposed, being upon the wages of employees, is measurable separately as to each employee, and the payment of tax due on one such employee would be sufficient to confer jurisdiction.

Assuming that the payment made by each plaintiff did cover the tax of one employee, yet the court does not believe such a fact would confer jurisdiction in the case now before the court.

■ The assessment against the plaintiffs in the case at bar is not an assessment of the tax due from Davidson-Steele, Inc., as withholdings for its employees. The assessment instead is a penalty levied against any person who is required to account for and pay over any withholdings, and the assessment is authorized by 26 U.S.C.A. § 6672, hereinbefore set forth. A reading of the statute discloses that it refers to "a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." The penalty under the clear wording of the statute is a single amount, although it is computed by totaling the tax withheld from various and probably numerous individual employees.

The jurisdictional statute refers to "any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *."

Thus, the jurisdictional statute confers jurisdiction for the recovery only of any penalty claimed to have been collected, and since the complaint shows on its face that the entire penalty has not been paid, the court is without jurisdiction.

■ The plaintiffs further argue that the tax court has no jurisdiction to determine the propriety of the assessment of the penalty, and that the taxpayer has no access to any court without prepayment of the entire penalty, which they are financially unable to pay.

Conceding that the tax court does not have jurisdiction to grant relief to plaintiffs from the alleged illegal and unjust assessment of a penalty, the Supreme Court in Flora v. United States, supra, in answering a similar contention, at page 75 of 357 U.S., at page 1086 of 78 S.Ct. said:

"The foregoing study of the legislative history of 28 U.S.C. § 1346 (a) (1), 28 U.S.C.A. § 1346(a) (1) and related statutes leaves no room for contention that their broad terms were intended to alter in any way the Cheatham principle of 'pay first and litigate later.' For many years that principle has been reinforced by the rule that no suit can be maintained for the purpose of restraining the assessment or collection of any tax. More recently, Congress took care to except from the operation of the Federal Declaratory Judgments Act any controversies 'with respect to Federal taxes.' To ameliorate the hardship produced by these requirements Congress created a special court where tax questions could be adjudicated in advance of any payment. But there is no indication of any intent to create the hybrid remedy for which petitioner contends.

"It is suggested that a part-payment remedy is necessary for the

benefit of a taxpayer too poor to pay the full amount of the tax. Such an individual is free to litigate in the Tax Court without any advance payment. Where the time to petition that court has expired, or where for some other reason a suit in the District Court seems more desirable, the requirement of full payment may in some instances work a hardship. But since any hardship would grow out of an opinion whose effect Congress in successive statutory revisions has made no attempt to alter, if any amelioration is required it is now a matter for Congress, not this Court."

Therefore, the motion of the defendant to dismiss for lack of jurisdiction should be sustained, and an order in accordance herewith is being entered today.