**R. M. STEELE et al., Appellants,**

v.

**UNITED STATES of America,**
Appellee.

No. 16279.

United States Court of Appeals
Eighth Circuit.

July 7, 1960.

90

Bethell & Pearce, Fort Smith, Ark., represented appellants in this Court.

Charles W. Atkinson, U. S. Atty., Fort Smith, and Charles K. Rice, Asst. Atty. Gen., represented appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Penalties were assessed administratively against the president and the secretary of Davidson-Steele, Inc., in the amount of $5,186.47 as to each officer for willfully failing to pay over to the Internal Revenue Service the withholdings of income taxes and social security taxes made by the corporation from the wages of its employees.

Each officer made a payment of $50 to the Internal Revenue Service on the amount of the assessment against him, and they thereafter brought suit in the District Court for refund of these payments, on the ground that the penalties were erroneously and illegally assessed against them.

The Government moved to dismiss the action, contending that, under the holding in Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, no right to sue for refund could exist, because the entire penalty had not been paid.

The District Court dismissed the action on this basis, 172 F.Supp. 793, and the plaintiffs have appealed.

The Government now in effect concedes that it was in error in the position which it took in the District Court; that the withholdings involved constituted separate taxes as to the individual employees of the corporation; and that the penalties imposed similarly would be entitled to be regarded as divisible assessments made in relation to the individual withholdings.

A stipulation has been presented to us in which the parties agree that the situation is subject to the recognition made in footnotes 37 and 38 of the Flora opinion, 362 U.S. 145, at pages 171 and 175, 80 S.Ct. 630, at pages 644 and 646, 4 L.Ed.2d 623, that the full-payment rule is not applicable to an assessment of divisible taxes; and that on this basis the judgments herein should be reversed and the case remanded to the District Court for further proceedings on the merits.

We are in accord with and accept the view and implication of the stipulation that the penalties imposed amounted legally, under §§ 6671 and 6672 of the Internal Revenue Code of 1954, 26 U.S.C. A., to divisible assessments or taxes against the officers, in their relationship to and predication upon the separate taxes of the individual employees. Thus, the officers would be legally entitled to make payment of the amount of the penalty applicable to the withheld taxes of any individual employee, to make claim for refund, and to institute suit for recovery, as a means of settling the question of the right of the Government to have made penalty assessment against them personally in the circumstances of the situation.

The judgment as to each appellant is accordingly reversed, and the case is remanded for further proceedings on the merits.