Nicholas J. BONGIOVANNI, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 4–71 Civ. 330.

United States District Court,
D. Minnesota,
Fourth Division.

April 18, 1972.

———◆———

Feinberg, Mirviss, Meyers, Schumacher & Malmon by Alvin S. Malmon, Minneapolis, Minn., for plaintiff.

Dan Dinan, Dept. of Justice, Washington, D. C., for defendant.

## ORDER DISMISSING COMPLAINT

NEVILLE, District Judge.

Plaintiff brings this action under 28 U.S.C. § 1346(a) (1) to secure a refund of taxes paid, including interest, in the amount of $2,455.07 for which he filed a claim for refund on or about February 24, 1971, and which taxes and interest he claims were illegally and erroneously assessed against him. The assessment was made under 26 U.S.C. § 6672 of the 1954 Internal Revenue Code on account of the alleged failure of plaintiff and three others in their position as corporate officers and thus as "responsible persons" to pay over withholding and social security amounts withheld from the wages of the employees of the Vulcan Basement Waterproofing Inc. for the fourth quarter 1963 and through the first quarter of 1965. The amount of the assessment was $7,411.75. Plaintiff paid a total of $2,558.24 taxes and interest and the balance of the $7,411.75 plus interest was paid by the other three "responsible persons" in varying amounts, the final payment which paid the assessment and interest in full having been made August 12, 1971 by one of the persons other than plaintiff.

After the Vulcan Basement Waterproofing Inc. failed to pay over to the government the withholding and social security taxes it withheld from the wages of its various employees for the six quarters here involved, the Internal Revenue Service pursuant to authority granted under 26 U.S.C. § 6672 on May 20, 1966 assessed the full amount due against both plaintiff and one other individual officer of the corporation and a somewhat lesser amount against two others, all of whom are claimed to have been in controlling positions of "responsible persons" and therefore liable to the government for the corporation's default. In effect the government assessed almost four times the amount of the tax due by assessing it against each of the four individuals.

Plaintiff did not make any cash payments, except for $85.24 in 1967, until 1969. However, in filing his personal income tax return for 1964 he (and the other three assessed officers) were instructed by the Revenue Service not to, and did not, claim credit for any amounts

as withheld by the corporation. Thereby the government partially abated the assessment on March 9, 1967 in the amount of $1,590.53, having thus received payment to that extent in varying amounts from the four individuals by virtue of such credit.

Plaintiff paid $2,473.00 cash after March 17, 1969, within a period of less than two years preceding the filing of his claim for refund of $2,455.07 on February 24, 1971. He now claims that this amount of tax which he paid was and is attributable to the last quarter of 1963 and the first quarter of 1964 and that he "was one of several persons who took over the operation of Vulcan Basement Waterproofing Inc." on March 24, 1964 and was not an officer prior thereto and had no liability and was not in control nor a "responsible person" until that date.

The government brings this motion to dismiss the complaint for lack of jurisdiction over the subject matter, predicated on the fact that pursuant to 26 U.S.C. § 6511 a claim for refund must be filed within two years of the date the tax is paid; else the District Court lacks jurisdiction. The government contends that the taxes owed with respect to the fourth quarter of 1963 and the first quarter of 1964 were paid more than two years prior to the date plaintiff filed his claim for refund, citing Revenue Ruling 58–239, providing in part that:

" . . . Amounts tendered in partial payments of assessed deficiencies or deficiencies mutually agreed to as to amount of liability but unassessed at the time of tender, for one or more years, *without instructions from the taxpayer,* will be applied by the District Director first to tax, penalty and interest in that order, due for the earliest year, then to tax, penalty and interest for the next succeeding year until the payment is absorbed. Interest satisfied by such partial payments will be deductible for Federal income tax purposes for the year in which it is paid."

There is no claim here that there were any specific instructions given by plaintiff when he or any of the others made payments. The first monies paid (except for an undisclosed portion of the $1,590.-43 abatement credit paid by plaintiff) were made by others than plaintiff and by the time plaintiff got around to make his payments in 1969 and 1970, the last quarter of 1963 and the first quarter of 1964 long since had been paid by the other three assessees. Plaintiff's payments were then applied to amounts due for later quarters, which according to the stipulation of counsel constituted two-thirds, more or less, of the total $7,-411.75 assessment. It is important to note that plaintiff does not contend that he had no liability for the second quarter of 1964 through the first quarter of 1965, but only denies liability for the preceding two quarters. Plaintiff contends that from time to time he made inquiry of the government but could get no information as to amounts paid by the other three assessees and therefore he had no way of knowing that the disputed early two quarters had been paid. Assuming *arguendo* that such could be established, it does not help plaintiff's case.

The Eighth Circuit case of Steele v. United States, 280 F.2d 89 (8th Cir. 1960), decided before the dates here in controversy, stands for the proposition that each payment on the assessments against the responsible persons must be viewed as a payment of the separate tax owed by the Vulcan Basement Waterproofing Inc. with respect to each one of its employees. Under that decision if, for instance, the corporation withheld but $10.00 from one employee for the last quarter of 1963, any one of the four assessed alleged responsible persons could have paid the $10.00 and within two years thereafter claimed a refund and could thus have tested their liability for that quarter for all employees from whom tax had been withheld. Plaintiff could have availed himself of that remedy for each of the two contested quarters

or, by the time plaintiff filed his 1964 personal income tax return and on instructions from the Revenue Service claimed no credit for tax withheld (assuming as to him such was in an amount at least equal to one employee's withholding in each of the first two quarters), he could have filed a timely claim for refund based on this credit—the equivalent of a payment—and thus challenged his liability for both early quarters.

The rule that full payment must be made before the United States District Court has jurisdiction espoused in Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), applicable to most taxes does not apply under 26 U.S.C. § 6672 assessments according to *Steele* where the court held that a plaintiff:

> " . . . would be legally entitled to make payment of the amount of the penalty applicable to the withheld taxes of any individual employee, to make claim for refund, and to institute suit for recovery, as a means of settling the question of the right of the Government to have made penalty assessment against them personally in the circumstances of the situation." 280 F.2d at 91

Though neither party argued the point, query whether in a sense this whole case is not an exercise in futility? If it were to be held that plaintiff's suit is timely and if it were found that he had no liability for the last quarter of 1963 and the first quarter of 1964 and that his payments made in 1969 and 1970 were applied thereto so that he was eligible to receive a refund of $2,455.07, he would then have paid the very minimal amount of $103.17 out of the total $7,411.75 assessment. The mere fact of course that plaintiff himself had no liability for the last quarter of 1963 and the first quarter of 1964 would not reduce in any way the total assessment of $7,411.75 and the government, having made a refund, would be $2,455.07 short on its collection of the assessment and it would seem could levy against plaintiff for such deficiency and seize (or probably never lose control of in the first instance) the refunded $2,455.07 since plaintiff does not deny liability from the second quarter of 1964 forward.

Be that as it may, the court is of the view for the reasons above stated that the statute of limitations has run against plaintiff and the court thus has no jurisdiction and the government's motion for a dismissal must be and hereby is granted. Since, according to the government's own statement, its assessment is paid in full, the third party actions brought by the government against Lucille Nissen, Graham Wareing and Jack R. Harris be and they hereby are dismissed.

So ordered and let judgment be entered accordingly.