16 F.3d 411
 73 A.F.T.R.2d 94-880
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Bobby G. QUEEN, d/b/a Black Darth Company, Debtor.
Bobby G. QUEEN, d/b/a Black Darth Coal Company, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1719.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 26, 1993.
Decided Jan. 20, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.
 Deborah E. Reed, Miller & Reed, L.C., Cross Lanes, W VA, for appellant.
 Andrea R. Tebbets, Tax Division, U.S. Dept of Justice, Washington, D.C., for appellee.
 On Brief: Steven L. Miller, Miller & Reed, L.C., Cross Lanes, W VA, for appellant.
 Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, Gary D. Gray, Tax Division, U.S. Dept. of Justice, Washington, D.C., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In the early 1980's, the Internal Revenue Service assessed penalties in the amount of $286,472 against Bobby G. Queen as secretary/treasurer of the Black Darth Coal Company for that company's failure to pay withholding taxes. Queen was assessed with the penalties personally as a "responsible person" under I.R.C. Sec. 6672(a). On April 26, 1989, Queen filed a Chapter 7 bankruptcy petition, listing the tax penalty as a debt. The bankruptcy court entered an order of discharge on November 21, 1989, discharging Queen from all "dischargeable debts" and closing the case.
 
 
 2
 Several months later, the IRS commenced levying from Queen's wages to satisfy the tax debt, maintaining that the debt was not dischargeable by reason of 11 U.S.C. Sec. 523, which excepts from discharge tax debts as defined in 11 U.S.C. Sec. 507(a)(7)(C). Queen filed a petition with the bankruptcy court in which he asked the court to reopen his case, to discharge his tax liability, and to enter an injunction prohibiting the IRS from enforcing its levy. Queen argued that because he was not a "responsible person" within the meaning of I.R.C. Sec. 6672(a), the debt was not valid and therefore should be discharged. On behalf of the IRS, the United States moved to dismiss the petition, asserting that the bankruptcy court was not the appropriate forum in which to litigate the merits of Queen'sSec. 6672(a) claim because the claim raised factual issues unrelated to bankruptcy. Although the United States recognized that the bankruptcy court had the power to reach the tax liability issue under 11 U.S.C. Sec. 505, it argued that the better course of proceeding would be for Queen to pay a portion of his tax assessment and challenge the assessment in a separate action filed in district court. The United States pointed out that because Queen's bankruptcy estate left no assets for distribution to creditors, a determination of the Sec. 6672(a) question had no natural relationship to the bankruptcy proceeding because it could have no effect upon his other creditors.
 
 
 3
 The bankruptcy court agreed with the United States and dismissed the case. The dismissal order was without prejudice to Queen's ability to challenge the Sec. 6672(a) claim in a separate action filed in district court. While a suit in tax court would also have been available to Queen, the court recognized that the time for pursuing such an action had long passed, leaving the district court suit as the only alternative.
 
 
 4
 Queen appealed the bankruptcy court's decision to the district court, and the district court affirmed. The district court noted that the bankruptcy court had discretion under 11 U.S.C.Sec. 505 to refuse to adjudicate the tax issues in the bankruptcy context, and the district court found that in the circumstances the bankruptcy court had not abused its discretion in abstaining. This appeal followed and we now affirm.
 
 
 5
 Queen contends that the district court erred in reviewing the bankruptcy court decision for an abuse of discretion because the bankruptcy court did not exercise discretion. Queen argues that the bankruptcy court failed to recognize it had the power to adjudicate the tax issue under 11 U.S.C. Sec. 505 and therefore concluded that it could not rule on the merits of the case. Queen describes this as an error of law subject to de novo review in this court. Addressing the merits, Queen contends that had the district court reviewed the case de novo, it would have found that Queen was not a responsible person under Sec. 6672(a), and therefore it would have remanded the case to the bankruptcy court with instructions to discharge the debt claimed by the IRS.
 
 
 6
 We believe that Queen misperceives the bankruptcy court's ruling. Although certain statements made by the bankruptcy court, taken out of context, might support Queen's view that the bankruptcy court failed to recognize its discretion, the entire transcript supports a contrary inference, that the bankruptcy court was fully aware of its discretion and exercised it well within permissible boundaries.
 
 
 7
 A review of the record reveals that the bankruptcy court opened up its consideration of the issues presented in Queen's petition by recognizing generally that taxpayers can appeal adverse determinations by the IRS to the Tax Court, or they can pay any assessment and bring suit in the district court. See I.R.C. Sec. 7422. Since Queen failed timely to appeal to the Tax Court, he was left with the alternative of paying a portion of the assessment and filing suit in the district court for a refund to have his legal issues determined. Joint Appendix ("J.A.") 46-47. On the subject of whether a bankruptcy court has the power to resolve tax issues in the context of a bankruptcy proceeding, the bankruptcy court stated:
 
 
 8
 I really think that Chapter 7 petitioners ought to use the same vehicles for contesting responsible officer assessments as non-chapter assessment petitioners so that the rules are applied uniformly.
 
 
 9
 We have no particular expertise. We have the right, I suppose, in a Chapter 11 case, or in a reorganization case if this were a 13, to determine, to adjudicate, the responsible officer issue under the provisions of [Sec. 505], but it seems to me that there ought to be some case reason why those kinds of things would be held here and done here in the context of a bankruptcy case.
 
 
 10
 J.A. 47-48 (emphasis added). The court then considered the particular circumstances of this case, recognizing in exchanges with counsel, that the case was a no-asset case and agreeing that a separate district court suit was the better course. J.A. 50. Finally, the bankruptcy court observed that even though it did not rule on the issues and even though the debtor "missed the first opportunity to contest [the IRS's assessment] by a simple appeal in Tax Court, ... there is still another remedy available...." The taxpayer could pay a portion of the tax and file a claim in the district court. J.A. 50-51. It was in this context that the bankruptcy judge said, "I think that is exclusive at this point in the case for Mr. Queen," referring to the alternatives of proceeding either in the tax court or in the district court. Queen now relies on that one statement to support his contention that the bankruptcy court did not feel it had the power to adjudicate the tax issues in the bankruptcy proceeding under 11 U.S.C. Sec. 505.
 
 
 11
 Notwithstanding Queen's argument, there can be little doubt that the bankruptcy court fully recognized its power to act on tax matters. This was stated explicitly at the outset when the bankruptcy court stated, "We have the right ... to adjudicate the responsible officer issue under the provisions of [Sec. 505]." J.A. 47. Taking the court's remarks in their entirety, it appears simply that the bankruptcy court exercised discretion in refusing to exercise the power as conferred by Sec. 505.
 
 
 12
 Because this was a no-asset case that had been closed and the taxpayer still had an available remedy of filing a separate suit in the district court, we agree with the district court that the bankruptcy court did not abuse its discretion.
 
 
 13
 Because we have affirmed the district court's ruling in that regard, we need not decide the merits. As the bankruptcy court's order properly noted, "This dismissal shall not prejudice such rights as the Debtor may have to adjudicate the existence or amount of the liability in other administrative or judicial forums."* J.A. 53.
 
 
 14
 AFFIRMED.
 
 
 
 *
 We note that Queen may not need to pay the entire amount of the assessed penalties in order to acquire standing to sue in federal district court; rather, he may be able simply to pay the amount allegedly owed for one quarter for one employee. See USLife Title Ins. Co. of Dallas v. Harbison, 784 F.2d 1238, 1243 n. 6 (5th Cir.1986); Compton v. United States, 334 F.2d 212, 215 n. 6 (4th Cir.1964); Steele v. United States, 280 F.2d 89, 90 (8th Cir.1960)