Irving COHEN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 87–0265–CIV.

United States District Court,
S.D. Florida.

Feb. 25, 1994.

David M. Kohane, Kostelanetz Ritholz Tigue & Fink, New York City, Ian M. Comisky, Blank, Rome, Comisky & McCauley, West Palm Beach, FL, for plaintiff Irving Cohen.

Dennis Donohue, Jay P. Golder, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

---

***ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER DIRECTING PARTIAL REFUND OF PENALTY PAYMENT TO PAY ATTORNEYS' FEES, OR, IN THE ALTERNATIVE, FOR AN ORDER PERMITTING PLAINTIFF TO PROCEED PRO SE; AND DENYING AS MOOT THE DEFENDANT'S MOTION TO STAY THE EXECUTION OF AN ORDER DIRECTING A REFUND TO PLAINTIFF IN THE EVENT THE COURT ACCEPTS MAGISTRATE JUDGE GARBER'S REPORT AND RECOMMENDATION***

ARONOVITZ, District Judge.

Plaintiff Irving Cohen currently seeks a partial refund from the Defendant, the United States of America, Internal Revenue Service (the "I.R.S."), of federal tax penalties imposed against him pursuant to § 6700 of the Internal Revenue Code (the "I.R.C." or the "Code") for promoting abusive tax shelters. Plaintiff's Motion for an Order Directing Partial Refund of Penalty Payment to Pay Attorneys' Fees, Or, in the Alternative, for an Order Permitting Plaintiff to Proceed *Pro Se* ("the Motion for Order") was the subject of an Order of Reference to United States Magistrate Judge Barry L. Garber.

Judge Garber has submitted a "Report and Recommendation" dated July 27, 1993, wherein he recommends finding in favor of

Plaintiff. Judge Garber held that the amount of tax penalties paid by Plaintiff to secure federal court jurisdiction and to stay collection proceedings pending a determination of tax liability from a district court was "excessive" and recommended that the I.R.S. refund to Plaintiff $459,309.

The I.R.S. has filed Objections to the Magistrate Judge's Report and Recommendation as well as a Motion to Stay the Execution of an Order Directing a Refund to Plaintiff in the Event the Court Accepts Magistrate Judge Garber's Report and Recommendation. Plaintiff has filed a Response to the IRS' Objections and motion to stay. This Court has reviewed the entire record herein, including memoranda briefs of the parties and has heard oral argument by counsel for the parties, and based upon the foregoing, and for the reasons herein stated, it is

ORDERED AND ADJUDGED that:

1. Magistrate Judge Garber's Report and Recommendation be, and the same is, hereby OVERRULED;

2. Plaintiff's Motion for Order Directing Partial Refund of Penalty Payment to Pay Attorneys' Fees, Or, in the Alternative, for an Order Permitting Plaintiff to Proceed *Pro Se* be, and the same is, hereby DENIED IN PART and GRANTED IN PART. Said motion is DENIED insofar as it seeks an Order directing partial refund of the tax penalty payment. It is GRANTED to the extent that Plaintiff seeks to proceed *pro se* in this case.

3. The I.R.S.'s Motion to Stay the Execution of an Order Directing a Refund to Plaintiff in the Event the Court Accepts Magistrate Judge Garber's Report and Recommendation be, and the same, is hereby DENIED as moot.

### Factual and Procedural Background

Section 6700 of the Internal Revenue Code imposes a civil penalty upon persons who promote abusive tax shelters. *See* 26 U.S.C.A. § 6700. In 1982 and 1983, Plaintiff served as the president of Universal Publishing Resources, Ltd. ("Universal"), Geoffrey Townsend, Ltd. ("Townsend") and Madison Library, Inc. ("Madison"). Townsend and

Universal purchased, in 1982 and 1983 respectively, certain "book properties"[1] from various publishers and subsequently leased them to a number of limited partnerships. Then, pursuant to § 48(d) of the Code, Townsend and Universal elected to pass through to their lessees the investment tax credits which would have been available on the purchase of the "book properties." Plaintiff negotiated the purchases of the "book properties" and allegedly engaged in gross valuation overstatements after purchasing the properties at an inflated purchase price. Madison facilitated the transactions by providing administrative services to Townsend and Universal.

The general partner of these limited partnerships was Barrister Associates ("Barrister"). Barrister's general partners were Robert Gold and Paul Belloff, each of whom owned a one-third interest in Parliament Securities Corporation ("Parliament"). Parliament was the placement agent for interests in the limited partnerships. Barrister, Gold, Belloff and Parliament collectively are termed the "Barrister Plaintiffs."

In 1986, the I.R.S. determined that the "book properties" transactions constituted the promotion of abusive tax shelters for the years 1982 and 1983. It assessed § 6700 civil penalties against the parties involved for those years as follows:

| | |
|---|---|
| Plaintiff | $3,687,000 |
| Townsend | 2,739,013 |
| Universal | 5,399,811 |
| Madison | 400,000 |
| Robert Gold | 1,246,199 |
| Paul Belloff | 1,246,199 |
| Barrister | 5,306,000 |
| Parliament | 5,211,000 |

At the time the assessable transactions occurred, § 6700 provided for a civil penalty "equal to the greater of $1000 or 10% of the gross income derived or to be derived ... from such activity." I.R.C. § 6700(a) (1982).[2] In assessing the amount of Plaintiff's penalty, the I.R.S. treated each § 48(d) election as a separate violation of § 6700 and applied a $1000 penalty per violation. The I.R.S. found 3,687 separate § 48(d) elections attributable to Plaintiff and consequently, Plaintiff was assessed a civil penalty of $3,687,000 (3,687 × $1000). Similarly, the I.R.S. based the Barrister Plaintiffs' § 6700 penalties on $1000 per partnership for the formation of 95 limited partnerships[3] and $1000 per sale for 5211 sales of limited partnership interests.

Section 6703(c)(1) of the Code provides in part that the taxpayer may extend the period of collection of the assessment by paying "an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid ..." 26 U.S.C.A. § 6703(c)(1). Under § 6703(c)(2), if the I.R.S. either denies the claim for refund or neglects to respond within six months, the taxpayer must bring suit in the appropriate United States district court "for the determination of his liability for such penalty ..." 26 U.S.C.A. § 6703(c)(2).

In July of 1986, Plaintiff invoked § 6703 by voluntarily paying the I.R.S. $553,070, which represented approximately 15% of the $3,687,000 penalty assessment, and by making a claim for a refund. When the I.R.S.

1. "Book properties" refers to the discs, plates, film and other equipment used in the manufacture of books and computer software.

2. The penalty was later changed to "the greater of $1000 or 20% of the gross income derived or to be derived ... from such activity." 26 U.S.C.A. § 6700(a)(2)(B) (West 1986). Currently, the penalty is "equal to the $1000 or, if the person establishes that it is lesser, 100 percent of the gross income derived (or to be derived) by such person from such activity." 26 U.S.C.A. § 6700(a)(2)(B) (West Supp.1993).

3. Parliament was not subject to the $1000 per limited partnership formation penalty.

failed to respond to Plaintiff's refund claim within six months, Plaintiff brought suit in the United States District Court for the Southern District of Florida for both a refund of the $553,070 and abatement of the penalty. Plaintiff alleges that he is not liable. for any portion of the penalty assessed against him and that the assessment was illegally, improperly and erroneously made. *See* Complaint at ¶¶ 3, 11, 12.

■ Similarly, the Barrister Plaintiffs made payments to the I.R.S., filed claims for refund and brought suit in the United States District Court for the Eastern District of New York. The Barrister Plaintiffs invoked jurisdiction of the district court by paying a total of $15,150 on penalty assessments totalling $13,009,398. This smaller percentage payment was the result of the application of the "divisible penalty" method, which is an exception to the "full payment rule."[4] Since the assessments against the Barrister Plaintiffs were divisible on the basis of distinct transactions, payment of only one of the assessed penalties provided subject matter jurisdiction in the United States district court.

In August of 1987, the Judicial Panel on MultiDistrict Litigation transferred the entire "book properties" case to Judge Thomas C. Platt of the District Court for the Eastern District of New York for purposes of pretrial discovery. Plaintiff then moved for partial summary judgment,[5] claiming that the I.R.S. miscalculated the original penalty assessments by applying the "per sale" or $1000 penalty per § 48(d) election method of assessment.[6] Judge Platt granted Plaintiff's motion and ordered the I.R.S to recalculate the assessment and refund the difference between the amount Plaintiff paid on the original assessment and 15% of the correct assessment. As a result, Plaintiff's penalty assessment was reduced to $3,064,061 and the I.R.S. refunded to Plaintiff $119,518.

Plaintiff currently has on deposit with the I.R.S. an amount in excess of $459,000 toward the assessed penalties.

In October of 1992, the District Court in the Eastern District of New York transferred Plaintiff's action back to the Southern District of Florida for further proceedings and for trial. Because Plaintiff no longer had sufficient funds to pay counsel, Plaintiff's counsel, with Plaintiff's consent, moved for leave to withdraw. After a hearing on the matter, this Court directed Plaintiff to file a motion for leave to proceed *pro se* if he so desired. The Court also informed Plaintiff that it would entertain a motion for a total or partial refund of the partial tax penalty previously paid to the I.R.S. for the purpose of obtaining counsel. Currently before the Court is Plaintiff's motion for a partial refund of the penalty payments for the purpose of paying counsel's fees. No hearing or trial has yet been held to determine the merits of Plaintiff's alleged tax liability.

### Discussion

Plaintiff argues that since the original assessments were based on a "per election" basis, he could have invoked federal court jurisdiction by paying only 15% of a single $1000 penalty assessment for each of the two years assessed, or a total of $300 instead of the $553,070 originally paid. He repeatedly notes that the Barrister Plaintiffs gained access to federal court by employing the divisible penalty approach and therefore, paid a dramatically smaller percentage of their respective penalty assessments. Plaintiff now claims that unless the Court orders a partial refund, he will be unable to employ counsel. He argues that "[p]rinciples of equity and simple fairness require that he have the same opportunities as the Barrister Plaintiff[s] to litigate this matter with the assistance of counsel." *See* Plaintiff's Motion for Order at 10.

---

4. The "full payment rule" requires the taxpayer to pay an assessment in full before he may challenge its validity by a suit for refund in district court under 28 U.S.C. § 1346(a)(1). *See Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *affirmed on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (deficiency assessment); *Steele v. United States,* 280 F.2d 89 (8th Cir.1960) (penalty assessment).

5. The Barrister Plaintiffs joined in the motion.

6. The Plaintiff argued that the "$1000 amount is only appropriate when 10% of the gross income derived from *all* sales (not each sale), is less than $1000." *In re Tax Refund Litigation,* 698 F.Supp. 439, 440 (E.D.N.Y.1988) (emphasis in original).

Magistrate Judge Garber agreed with Plaintiff and recommended that the I.R.S. refund $459,309. This recommendation was based solely on principles of equity; no legal basis was cited by Judge Garber. Having carefully considered the record, this Court disagrees with Judge Garber and, as explained herein, concludes that there is no legal or equitable basis to support the recommendation.

First, to the extent that Plaintiff seeks in this action a partial refund of the monies paid to the I.R.S. as a civil penalty pursuant to § 6700, the issue has been previously adjudicated by the District Court for the Eastern District of New York in *In Re Tax Litigation*, 698 F.Supp. 439 (E.D.N.Y.1988). That case also involved plaintiff Irving Cohen, who argued that the I.R.S. had miscalculated the same penalty that is at issue in this case. He sought a partial refund on the ground that the I.R.S.'s assessment exceeded the amount required under the statute. *Id.* at 440.

The Court in *In Re Tax Litigation* agreed with Plaintiff and, in Plaintiff's own words, "ordered the I.R.S. to recalculate the assessment and refund the difference between the amount Plaintiff paid on the original assessment and fifteen percent of the correct assessment." Plaintiff's Motion for Order at 5; *See In re Tax Litigation*, 698 F.Supp. at 443–44. Consequently Plaintiff's penalty assessment was reduced to $3,064,061 and the I.R.S. refunded to Plaintiff $119,518. Plaintiff alleges that he currently has on deposit with the I.R.S. approximately $459,000 towards the assessed tax penalties.

■ Judge Platt's order of a refund of the difference between the amount of the original assessment and 15% of the correct assessment is in essence a judicial adjudication that the sum of approximately $459,000 remitted by Plaintiff to the I.R.S. pursuant to § 6703(c)(1) is facially valid. All that Plaintiff adds in these proceedings before this Court is that he needs a portion of the $459,000 for counsel fees. However, it seems that the crux of the matter—whether Plaintiff's 15% payment was valid—already has been determined indirectly by another court.

Plaintiff did not appeal Judge Platt's ruling yet he raises the issue anew before this Court. It seems however that the District Court for the Eastern District of New York, having already considered the issue, is the more appropriate forum to entertain Plaintiff's current arguments. Nonetheless, the Court will address the merits of Plaintiff's claim for a partial refund.

■ Plaintiff's claim and Judge Garber's conclusion that Plaintiff's 15% payment was "excessive" is not supported by the law. The gravamen of Plaintiff's complaint is that his voluntary payment is "excessive" because the Barrister Plaintiffs paid less than he did to invoke the District Court's jurisdiction. That the Barrister Plaintiffs paid less than Plaintiff in this case, however, is irrelevant.

■ It appears that the only action that will make a payment excessive, as a matter of law, is if the I.R.S., through prohibited collection procedures, collected more than the 15% amount in direct contravention of § 6703(c)(1). Section 6703(c)(1) provides in pertinent part that if the taxpayer pays an amount "not less than 15 percent" of the amount of the penalty and files a claim for refund,

> no *levy or proceeding in court* for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun
> ...

26 U.S.C.A. § 6703(c)(1) (emphasis added). Thus, that section plainly states that the forced collection effort prohibited by it is a "levy or proceeding in court" instituted to collect a tax or penalty.

The I.R.S. in this case clearly did not institute a "proceeding in court" to collect the penalty. Nor did the I.R.S. impose a "levy." The Supreme Court of the United States has held that a levy is a means by which the I.R.S. may acquire possession of a taxpayer's property. *United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). In this case, Plaintiff's remittance to the I.R.S. of 15% of the entire penalties assessed was voluntary. This remittance was made by Plaintiff as part of the procedure to obtain a determination of the merits of the penalty and assess-

ment by a federal court. The Court simply does not believe that under these circumstances, the I.R.S.'s acceptance of this voluntary payment is the type of forced collection contemplated and precluded by § 6703(c)(1). *See Belloff v. Commissioner,* 996 F.2d 607 (2d Cir.1993) (court upheld the offset of an income tax refund against § 6700 penalties); *Sage v. United States,* 908 F.2d 18 (5th Cir. 1990) (I.R.S.'s use of tax refund as set-off against assessed § 6700 penalties was not a "levy" and was proper); *Hankin v. United States,* 891 F.2d 480 (3d Cir.1990) (same).

■ Since Plaintiff voluntarily paid 15% of the entire penalty assessment, the I.R.S. did not violate the forced collection prohibition of § 6703. Therefore, there is no basis as a matter of law in accordance with 28 U.S.C. § 1346(a)(1) to order any refund to Plaintiff, absent a finding that the assessment made against him was erroneous and invalid.[7] Hence, Plaintiff's claim for a partial tax refund at this stage of the litigation is without merit.

■ Furthermore, that Plaintiff seeks a partial refund for the purpose of paying attorneys' fees does not justify a refund. Plaintiff has cited, and the Court has found, no authority upon which to order such a tax refund for the purposes of retaining and/or paying counsel to enable the taxpayer to challenge the tax assessment. In fact, there is authority that suggests the contrary. *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989), involved, *inter alia,* a criminal defendant's claim that a forfeiture law made impossible, or at least impermissibly burdened, his Sixth Amendment right to counsel of choice. In rejecting the defendant's claim, the Supreme Court liken the situation to seizure of assets by the I.R.S. to secure potential tax liabilities:

> So-called "jeopardy assessments"—Internal Revenue Service (IRS) seizures of assets to secure potential tax liabilities, see 26 U.S.C. § 6861—may impair a defendant's ability to retain counsel in a way similar to that complained of here. Yet

these assessments have been upheld against constitutional attack ... Moreover, petitioner's claim to a share of the forfeited assets postconviction would suggest that the Government could never impose a burden on assets within a defendant's control that could be used to pay a lawyer. *Criminal defendants, however, are not exempted from federal, state, and local taxation simply because these financial levies may deprive them of resources that could be used to hire an attorney.*

*Caplin & Drysdale,* 491 U.S. at 631–32, 109 S.Ct. at 2655–56 (emphasis added).

Because the tax penalty involved here is civil in nature, there is even less of a reason to direct a partial refund in this case than in *Caplin & Drysdale.* Even if a criminal penalty were involved here, it appears that Plaintiff still would not be entitled to obtain a partial refund of federal tax penalties to pay counsel's fees. Therefore, under the factual circumstances of this case, Plaintiff does not have a claim that the failure to refund a portion of the tax penalty paid improperly infringes upon his Sixth Amendment rights.

Based on all of the foregoing, the Court hereby OVERRULES Judge Garber's Report and Recommendation and DENIES Plaintiff's Motion for an Order to the extent that it seeks a partial refund of the penalties remitted to the I.R.S.

Plaintiff's request in the alternative that he be permitted to proceed *pro se* in this matter is not challenged by the I.R.S. Based upon a review of the record, the Court finds that Plaintiff has demonstrated a sufficient background and knowledge regarding the legal issues in this case and hereby GRANTS Plaintiff's Motion for an Order on this issue. Plaintiff is hereby permitted to proceed *pro se* in this case.

### Conclusion

In accordance with the foregoing, Plaintiff's Motion for Order Directing Partial Refund of Penalty Payment to Pay Attorneys' Fees, Or, in the Alternative, for an Order

---

7. The validity of the assessment and Plaintiff's liability on the assessment are issues to be resolved later at the trial of this case.

Permitting Plaintiff to Proceed *Pro Se* is hereby DENIED IN PART and GRANTED IN PART as specified herein. The I.R.S.'s Motion to Stay the Execution of an order Directing a Refund to Plaintiff in the Event the Court Accepts Magistrate Judge Garber's Report and Recommendation is hereby DENIED as moot.

DONE AND ORDERED.