**Walter L. BRAMMER**

v.

**UNITED STATES of America.**

No. 1:94CV2257.

United States District Court,
N.D. Ohio,
Eastern Division.

June 28, 1995.

Thomas C. Pavlik, Rubenstein, Novak, Einbund, Pavlik & Celebrezze, Cleveland, OH, for plaintiff.

Carina J. Campobasso, Department of Justice, Washington, D.C., Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, for defendant.

*MEMORANDUM AND ORDER*

OLIVER, District Judge.

Pending before the court is a motion filed by Defendant, United States of America, to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. The Defendant argues Plaintiff did not comply with the statutory prerequisites for bringing a refund suit. For the reasons that follow, the motion is granted in favor of the United States.

I.

On November 2, 1994, the Plaintiff filed a Complaint alleging the District Director of the Internal Revenue Service at Cleveland, Ohio erroneously assessed a deficiency in Federal Insurance Contribution Act Tax (F.I.C.A.). Brammer asserts this court has jurisdiction pursuant to 26 U.S.C. § 7422. Section 7422 provides for the maintenance of a civil action for the refund of taxes alleged to have been erroneously collected after filing a claim for refund or credit with the Secretary. The tax was assessed on May 31, 1993, against Brammer, a former owner of the Tedrich Furniture Company ("Company"), pursuant to 26 U.S.C. § 6672. Under this provision, Brammer was assessed for willfully failing to collect, truthfully account for, and pay over withheld F.I.C.A. taxes owing from the Company. The assessment was for each quarterly tax period beginning with that which ended June 30, 1991, and ending with that which concluded on September 30, 1992, together with penalties and interest totaling Thirty Thousand Three Hundred Thirty–Eight Dollars and Sixty–One Cents ($30,338.61).

Brammer prays for the court to order the IRS to vacate and abate the uncollected assessment for Thirty Thousand Three Hundred Thirty–Eight Dollars and Sixty–One Cents ($30,338.61). The Plaintiff also prays for any other relief that he is entitled to, including cost and interest as provided by law.

The United States responded by filing a Motion to Dismiss. They maintain 28 U.S.C. § 1346(a) requires Brammer to pay the full amount of tax liability for one employee before proceeding to this court. They further maintain that his Complaint does not allege the $97.40, which has been applied toward his liability, is the full amount of F.I.C.A. tax for one employee.

## II.

Title 28 U.S.C. § 1346(a) provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> 1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

■ Specifically, the IRS maintains this court lacks subject matter jurisdiction because Brammer did not pay the assessment in full before filing a suit in this court. It cites *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960), for its authority. In *Flora*, the Supreme Court held § 1346(a)(1) requires full payment of the assessment before an income tax refund suit can be maintained in a federal district court. However, where there is a claim for refund for taxes assessed under § 6672, the full payment requirement of *Flora* is met where the tax assessed is paid in full for one employee. *Steele v. United States*, 280 F.2d 89, 90–91 (8th Cir.1960).

The Internal Revenue Service received payments of $97.40 toward Plaintiff's § 6672 liability. He has not sought refund of that amount and does not claim that it is equivalent to the tax assessed for one employee. The $122.30 refund request which Plaintiff relies on as a basis for jurisdiction was for employment taxes, not for the possible 100 percent penalty for which he was assessed pursuant to § 6672 (See Exhibit A to Plaintiff's Complaint).

## III.

■ In the instant case, Brammer does not allege that he paid the full tax liability for any employee. In its Case Management Conference Order of February 23, 1995, the court ordered Plaintiff to file an extension so that he could cure the defect. On February 24, 1995, Brammer requested and was granted a forty-five-day extension of time to cure the defect by paying the IRS F.I.C.A. taxes due for one employee for one quarter. Had this payment been made and rejected by the IRS, Brammer could have supplemented his complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, and have had the matter decided on the merits. In his motion for extension of time, Brammer stated that he discussed this procedure with the IRS and concluded the jurisdictional defect could be cured such that the matter could be heard on the merits.

On June 14, 1995, the United States filed a Renewed Motion to Dismiss on grounds that the plaintiff had not cured the defect in his Complaint. The court granted Defendant forty-five days to cure this defect and more than four months have passed since the date of that order. Since Brammer failed to comply with the statutory prerequisites for bringing a refund suit in this court by having failed to pay the tax necessary to establish jurisdiction here, this action is hereby dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

The court having contemporaneously filed its Memorandum and Order in this case granting Defendant's Renewed Motion to

Dismiss for lack of subject matter jurisdiction, hereby enters judgment accordingly.

IT IS SO ORDERED.