# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1543
_____

Warren Barse

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: March 12, 2020
Filed: April 27, 2020
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

GRASZ, Circuit Judge.

When C&W Enterprises, Inc. ("C&W") failed to remit employment taxes, the Internal Revenue Service ("IRS") assessed the balance owed against C&W's former owner, Warren Barse. Barse filed a lawsuit claiming the IRS misallocated funds it had levied from C&W, leaving him personally liable for the outstanding taxes. The

district court[1] dismissed for lack of subject matter jurisdiction, finding Barse failed to file a timely administrative claim or pay the required amount of taxes before filing suit. Barse appeals both determinations. We affirm.

## I. Background

From 2004 to 2007, C&W failed to remit employment taxes to the IRS. In 2006, the IRS levied funds from parties who owed C&W money, recovering $356,212.50. Then, on August 17, 2015, the IRS imposed a $177,750.08 personal assessment on Barse, placing him on the hook for C&W's remaining trust liability.[2] Barse alleges that in June of 2015 he "objected to the way in which the IRS administered and applied the levied proceeds." On December 29, 2015, the IRS rejected Barse's "objection."

Barse then filed suit in federal district court under 26 U.S.C. § 7422(a), asking the court to reverse the IRS's determination. Jurisdiction was asserted under 28 U.S.C. § 1346. He argued that, had the levied funds been properly allocated, C&W's tax liability would be satisfied and Barse would not be responsible for the missing taxes. The United States filed a motion to dismiss for lack of subject matter jurisdiction, arguing Barse had not pled the proper administrative prerequisites, and therefore, the United States was shielded by sovereign immunity.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

[2]Employment taxes (or "trust fund taxes") are retained by the employer as "a special fund held in trust for the United States." 26 U.S.C. § 7501(a). A "person" who is required to collect such tax and willfully fails to do so is subject to a "penalty equal to the total amount of the tax evaded." 26 U.S.C. § 6672(a). The term "person" includes an officer of a corporation. 26 U.S.C. § 6671(b). Therefore, the willful failure of a corporation to pay trust fund taxes may lead to personal liability for a corporate officer.

The district court granted the United States' motion on two grounds. First, before filing suit in federal court, Barse did not file a timely pre-suit administrative claim for refund as required by 26 U.S.C. § 6511(a). And, even if timely, his "objection" did not constitute a valid administrative claim for purposes of 26 U.S.C. § 7422(a). Second, Barse never claimed to have personally paid the necessary taxes before filing suit, which is a jurisdictional prerequisite to bring an action for refund.

## II. Analysis

All parties agree that before a taxpayer may file a refund claim in federal court, the taxpayer must have first made a timely administrative claim and paid the taxes for which a refund is sought. With this in mind, Barse makes two arguments on appeal. First, he argues his "objection" was a proper and timely administrative claim under 26 U.S.C. §§ 6511(a) and 7422(a), because it gave the IRS informal notice of his claim and was made within weeks of his personal assessment. Second, Barse contends the funds misallocated by the IRS *are* the tax payments necessary for jurisdiction in a refund suit. In order to overturn the district court, both of Barse's arguments must be meritorious. We address them collectively, but only find it necessary to decide whether Barse's objection was timely.

We review the existence of subject matter jurisdiction de novo. *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). "Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds." *Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003). However, this waiver "must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit." *United States v. Dalm*, 494 U.S. 596, 601 (1990).

Barse first argues the district court erroneously found that he failed to "properly submit[] an administrative claim" as required by 26 U.S.C. § 7422(a). The required

administrative claim must be "filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). Because Barse did not include the filing date of the tax return in the complaint, the two-year limitation is applicable here.

Barse also argues the district court erred in deciding he had not paid the required amount to obtain jurisdiction. Generally, a taxpayer must pay his outstanding tax liability in order to maintain jurisdiction in district court. *See* 28 U.S.C. § 1346(a)(1) (permitting an action for the "recovery of any internal-revenue tax"); *Flora v. United States*, 362 U.S. 145, 177 (1960) (finding § 1346(a)(1) "requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court"). Barse instead argues the misallocated funds levied from C&W satisfy the outstanding liability. And, therefore — if the IRS had not misallocated the money — they would have the full amount of liability such that no personal liability was required.

Under Barse's theory then, the prepayment requirement was satisfied by the levied funds which the IRS allegedly misallocated. This occurred in 2006. Therein lies Barse's problem. If the taxes were paid in 2006, Barse's administrative claim — filed in 2015 — was too late under 26 U.S.C. § 6511(a), which requires an administrative claim within two years from "the time the tax was paid." In order to avoid this result, he effectively asks us to start the statutory clock not when the tax was allegedly paid — as required by § 6511(a) — but when he was personally assessed in 2015. Even if the funds levied from C&W satisfy the jurisdictional tax-payment requirement under 28 U.S.C. § 1346(a)(1) and *Flora*, Barse's argument still requires us to ignore the plain language of § 6511(a). This we cannot do.

Consequently, we need not address whether Barse's "objection" qualifies as an adequate administrative claim under 26 U.S.C. § 7422(a).[3] It is likewise unnecessary for us to decide if Barse can claim C&W's corporate payment as his individual payment for the purposes of 26 U.S.C. § 7422(a).[4]

## III. Conclusion

Because Barse argues his payment was made in 2006 when the IRS allegedly misallocated levied funds, his attempted administrative claim in 2015 was more than two years after the tax was paid. Therefore, Barse's claim was untimely and the United States retains its sovereign immunity. We affirm.

———————————————

[3]Barse notes that we have treated informal claims leniently, so long as they are in writing. *See Kaffenberger*, 314 F.3d at 955. But Barse did not plead how, or in what form, his "objection" was made. For the first time during oral argument, Barse stated the "objection" was a letter. We offer no opinion as to whether Barse's allegation — that he "objected" to the assessment — was enough to survive a motion to dismiss.

[4]However, as conceded by the United States, Barse only had to personally pay an amount equal to one employee's withheld taxes for one quarter in his individual capacity to maintain this suit. *See Steele v. United States*, 280 F.2d 89, 90–91 (8th Cir. 1960).