**Lloyd PRAGASAM, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 06–73898.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 15, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Lloyd Pragasam, Redlands, CA, pro se.

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Patricia M. Bowman, Attorney, Eileen J. O'Connor, Esq., U.S. Department of Justice Tax Division, Lynne L. Glasser, Washington, DC, for Respondent–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Lloyd Pragasam appeals pro se from the tax court's order dismissing for lack of jurisdiction his action contesting an adverse decision letter issued following his untimely request for a collection due pro-

cess ("CDP") hearing for tax years 1995 through 1997. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's legal conclusions de novo and its findings of fact for clear error. *Charlotte's Office Boutique v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir.2005). We review for abuse of discretion the tax court's denial of a motion to reconsider. *Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir.1981) (per curiam). We affirm.

The tax court properly held that Pragasam was not entitled to a CDP hearing because he did not file a request for a CDP hearing within thirty days of the first notice of federal tax lien sent to him. *See* 26 U.S.C. § 6320(a)(3)(B) (permitting taxpayer to request a CDP hearing within thirty days of the lien notice); *see also* 26 C.F.R. § 301.6320–1(b)(2) Q & A B–4 (prohibiting taxpayer from obtaining CDP hearing upon filing of second lien notice).

Furthermore, Pragasam's request for a CDP hearing was properly denied because it followed the filing of a nominee lien against Renaissance Health Systems LLC as the nominee, transferee or alter ego of the taxpayer. *See* 26 C.F.R. § 301.6320–1(b)(2) Q & A B–5 (stating that the nominee is not entitled to a CDP hearing but may seek an administrative hearing under the Collection Appeals Program which would not be subject to judicial review).

After Pragasam obtained an administrative hearing, he was issued an adverse decision letter. The tax court properly held that the adverse decision letter was not subject to judicial review under the Collection Appeals Program. *See id.*

The tax court did not abuse its discretion by denying Pragasam's motion to re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

consider because he did not establish that he was entitled to such relief. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Pragasam's remaining contentions are unpersuasive.

**AFFIRMED.**