T.C. Memo. 2010-140

UNITED STATES TAX COURT

JUDITH A. AND ROBERT SWANTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7181-08L.                    Filed June 24, 2010.

Judith A. and Robert Swanton, pro sese.

Emily J. Giometti, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  Respondent sent petitioners a Final Notice of
Intent to Levy and Notice of Your Right to a Hearing with respect
to an unpaid Federal income tax liability for their 2004 tax
year, and with respect to section 6672 penalties for quarterly
periods ending December 31, 2001, and March 31, 2002 (2007 notice

of levy).[1]  We must decide the following issues:  (1) Whether petitioners may challenge their underlying liabilities with respect to their unpaid Federal income tax liability for their 2004 tax year and with respect to section 6672 penalties for quarterly periods ending December 31, 2001, and March 31, 2002; (2) if petitioners may dispute their underlying liabilities, whether the funds respondent seized from petitioner Robert Swanton's individual retirement account (IRA) should be included in gross income for their 2004 tax year; (3) if petitioners may dispute their underlying liabilities, whether respondent properly assessed section 6672 penalties against petitioner Robert Swanton for the quarterly periods ending December 31, 2001, and March 31, 2002; and (4) whether respondent's Appeals Office abused its discretion in denying petitioners an alternative to collection.

## Background

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are found accordingly.

At the time the petition was filed, petitioners resided in New Carlisle, Ohio.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.  All amounts are rounded to the nearest whole dollar.

From 1988 until 2002, petitioners operated a corporation organized under the laws of Ohio, called Stripco, Inc. (Stripco). Petitioner Robert Swanton (Mr. Swanton) was the sole owner of Stripco, holding all of the company's outstanding stock. Mr. Swanton also served as Stripco's president from its incorporation in 1988 until it filed for bankruptcy and ceased operations in 2002. While primarily in charge of sales, Mr. Swanton had authority over Stripco's operations and finances. Mr. Swanton had the authority to hire and fire Stripco's employees and direct payments to Stripco's employees. Mr. Swanton had the authority to purchase equipment on behalf of Stripco and negotiate the purchase price. Mr. Swanton also had the authority to borrow on behalf of Stripco and could withdraw funds from, and deposit funds in, Stripco's bank accounts.

Stripco employed an outside accountant to handle its finances and prepare its quarterly and corporate Federal income tax returns. Mr. Swanton signed the returns prepared by Stripco's outside accountant.

Petitioner Judith A. Swanton (Mrs. Swanton) served as vice president of Stripco from 1997 through 2002. Mrs. Swanton had the authority to hire and fire employees, direct payment of bills, negotiate large corporate purchases, open and close bank accounts, authorize payment of Federal income taxes, and sign corporate checks.

During 1999 Mrs. Swanton became aware that Stripco had amassed tax delinquencies; however, petitioners continued to authorize payments for payroll, rent, and supplies.

On November 8, 2001, Stripco filed for chapter 11 bankruptcy protection. After the bankruptcy filing, Stripco laid off most of its employees. On May 10, 2002, the bankruptcy court ordered conversion of Stripco's bankruptcy from a chapter 11 reorganization to a chapter 7 liquidation.

Respondent sent each petitioner a Letter 1153, notice of proposed trust fund recovery penalty assessment pursuant to section 6672 (trust fund recovery penalty), dated October 23, 2002, with respect to the quarterly periods ending June 30, September 30, and December 31, 2001, and March 31, 2002, based upon section 6020(b) substitute returns. Respondent proposed penalties totaling $167,589.[2] The Letters 1153 were returned to respondent unclaimed on November 14, 2002.[3]

---

[2]The proposed penalties included penalties for quarterly periods ending June 30 and Sept. 30, 2001. Those periods are not at issue in the instant case.

[3]Mrs. Swanton's Letter 1153 was sent to 1167 W. Lake Ave., New Carlisle, OH. Mr. Swanton's Letter 1153 was addressed to 1167 Lake Ave., New Carlisle, OH. The Lake Ave. address listed for Mr. Swanton is the address that was stipulated by the parties as petitioners' address at the time of filing, as well as the address given to respondent by Mrs. Swanton on Feb. 23, 2000, during an interview with regard to the trust fund recovery penalties.

On February 24, 2003, respondent assessed trust fund recovery penalties against petitioners for the quarterly periods ending December 31, 2001, and March 31, 2002.  Respondent sent Mrs. Swanton a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (2003 notice of levy) regarding the trust fund recovery penalties for the quarterly periods ending December 31, 2001, and March 31, 2002.

During 2004 respondent seized $289,017 from Mr. Swanton's IRA by levy to collect trust fund recovery penalties for quarterly periods not in issue in the instant case (the seized funds).  On October 19, 2005, petitioners filed a Form 1040, U.S. Individual Income Tax Return, for their 2004 tax year on which they included the seized funds in gross income as a tax distribution from an IRA.  Petitioners reported Federal income tax of $76,730 for their 2004 tax year.  Petitioners had paid $1,461 through withholding but failed to pay the remaining $75,269 of tax shown on their 2004 return (unpaid 2004 income tax liability).[4]

On June 25, 2007, respondent sent petitioners the 2007 notice of levy.

On July 11, 2007, petitioners filed Form 12153, Request for Collection Due Process Hearing.  In their request petitioners

---

[4]The $75,269 was summarily assessed pursuant to sec. 6201(a)(1).  A notice of deficiency was not required before assessment.  Id.

stated that they were not liable for the trust fund recovery penalties because Stripco was under the control of the bankruptcy court during the time in issue and that they would like to get waived or reduced the penalty that resulted in the seized funds included in gross income for their 2004 tax year, and they requested a collection alternative.

Respondent's Appeals Officer Monica Coronado (Ms. Coronado) made several attempts to schedule a hearing; however, petitioners failed to respond. On December 3, 2007, petitioners informed Ms. Coronado that Mr. Swanton had suffered from some type of illness which precluded his participation in the Appeals Office proceedings. During the Appeals Office proceedings petitioners did not submit an offer-in-compromise, propose terms for an installment agreement, or submit any personal financial data. By letter dated February 28, 2008, Ms. Coronado sustained the 2007 notice of levy.

On March 4, 2008, petitioners filed Form 843, Claim for Refund and Request for Abatement, and Form 941, Employer's Quarterly Federal Tax Return, with respect to the trust fund recovery penalties for the quarterly periods ending December 31, 1999 through 2002. On the basis of the submitted information, respondent abated the trust fund recovery penalties for the periods ending December 31, 2001, and March 31, 2002, of $45,568, and $57,385, respectively. Following the abatement, petitioners

owed $4,918 for the quarterly period ending December 31, 2001, and $1,195 for the quarterly period ending March 31, 2002.[5]

## Discussion

Section 6330 requires that before any levy on any person's (taxpayer's) property or right to property the Commissioner give the taxpayer notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the IRS Appeals Office. Secs. 6330(a) and (b), 6331(d). At the hearing, a taxpayer may raise appropriate spousal defenses, challenge the appropriateness of collection actions, and offer collection alternatives. Sec. 6330(c)(2)(A). Additionally, the taxpayer may challenge the existence or amount of the underlying tax liability only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to challenge the underlying liability. Sec. 6330(c)(2)(B). The term "underlying liability" includes the tax reported on a return prepared by the taxpayer. Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). At the hearing, generally, the Appeals officer must consider the above-stated issues raised by the taxpayer, verify that the requirements of applicable law and administrative procedures have been met, and consider whether "any proposed

_____

[5]Except for the balance due, neither petitioners nor respondent offered details regarding the abatement. However, as noted above, Stripco laid off most of its employees upon filing for bankruptcy on Nov. 8, 2001.

collection action balances the need for efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

Underlying liability, and other section 6330(c)(2) issues, must be raised at the Appeals hearing to be properly raised before this Court. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6320-1(f)(2) Q&A-F3, Proced. & Admin. Regs.; sec. 301.6330-1(f)(2) Q&A-F3, Proced. & Admin. Regs. Receipt of a notice of intent to levy for the same tax and tax period may constitute a prior opportunity to contest the underlying liability, even if the opportunity is not pursued. Bell v. Commissioner, 126 T.C. 356, 358 (2006).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo; but where the validity of the underlying tax is not properly in issue, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). An abuse of discretion is any action that is arbitrary, capricious, or without sound basis in law or fact. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

We first address petitioners' unpaid 2004 income tax liability. Petitioners failed to present evidence to the Appeals

officer or at trial on their unpaid 2004 income tax liability. That liability was the result of the seizure of $289,017 from Mr. Swanton's IRA to satisfy trust fund recovery penalties for periods not in issue in the instant case. IRA distributions are taxed according to the annuity rules of section 72.[6] Sec. 408(d). Pursuant to section 72, a taxpayer includes IRA distributions in gross income but may exclude from gross income that portion of his IRA distribution which reflects nondeductible contributions to his IRA. Petitioners bear the burden of proving the amount of their nondeductible contributions to Mr. Swanton's IRA. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). At trial, petitioners failed to present any evidence regarding nondeductible contributions to Mr. Swanton's IRA. Accordingly, petitioners failed to show that any of the seized funds were improperly included in gross income for their 2004 tax year. We also note that payment of Federal taxes by way of a levy constitutes an involuntary assignment of income and may be included in gross income in the year of levy pursuant to the doctrine of constructive receipt. See Larotonda v. Commissioner, 89 T.C. 287, 291 (1987). Consequently, we conclude that petitioners are liable for the unpaid 2004 income tax liability.

---

[6]Generally, early withdrawals from IRAs are subject to a 10-percent penalty tax. Sec. 72(t). However, sec. 72(t) does not apply to distributions where funds are levied upon by the Commissioner pursuant to sec. 6331 as occurred in the instant case. Sec. 72(t)(2)(A)(vii).

We next address the trust fund recovery penalties for the quarterly periods ending December 31, 2001, and March 31, 2002. This Court recently acquired exclusive jurisdiction to review appeals from the Commissioner's lien and levy determinations made after October 16, 2006, irrespective of the type of tax making up the underlying liability. See Ginsberg v. Commissioner, 130 T.C. 88 (2008); Callahan v. Commissioner, 130 T.C. 44 (2008). Accordingly, because respondent's determination sustaining the filing of notices of Federal tax lien for unpaid trust fund recovery penalties was sent on February 28, 2008, we are authorized to review the trust fund recovery penalties assessed against petitioners. Petitioners properly raised the trust fund recovery penalties with Ms. Coronado and included this issue in their petition to this Court. Accordingly, that issue is properly before this Court.

Our standard of review for the trust fund recovery penalty issue turns on whether petitioners had a prior opportunity to dispute the underlying tax liability.[7] Sec. 6330(c)(2)(B). The Commissioner is required to provide the taxpayer with notice of trust fund recovery penalties before assessment. Sec. 6672(b)(1). Letter 1153 provides a taxpayer with section 6672(b) notice and the means of protesting a proposed trust fund recovery

---

[7]Because the assessments against petitioners were trust fund recovery penalties, respondent would not have issued and mailed a notice of deficiency. See sec. 6212(a).

penalty assessment administratively with the Commissioner.  <u>Mason</u> <u>v. Commissioner</u>, 132 T.C. 301, 317 (2009).  When a Letter 1153 is mailed, the Commissioner must follow mailing procedures that are similar to those provided for notices of deficiency in section 6212(b).  Sec. 6672(b)(1).  The same evidence that establishes that the Commissioner mailed a notice of deficiency to a taxpayer's last known address is sufficient to establish that the Commissioner properly sent the taxpayer a Letter 1153.  <u>Mason v.</u> <u>Commissioner</u>, <u>supra</u> at 318.  However, a Letter 1153 that is not received, and not deliberately refused by the taxpayer, does not constitute an opportunity to dispute underlying liability.  <u>Id.</u>

In determining whether Mrs. Swanton had a prior opportunity to dispute her underlying liability, we note that respondent mailed Mrs. Swanton the 2003 notice of levy with respect to the trust fund recovery penalties.  Mrs. Swanton does not dispute that she received the 2003 notice of levy, or that it was sent to her last known address.  Mrs. Swanton failed to respond to that notice.

The Tax Court is a court of limited jurisdiction, and our exercise of jurisdiction pursuant to section 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review.  <u>Orum v. Commissioner</u>, 123 T.C. 1, 8 (2004), affd. 412 F.3d 819 (7th Cir. 2005); <u>Moorhaus v.</u> <u>Commissioner</u>, 116 T.C. 263, 269 (2001); <u>Space v. Commissioner</u>,

T.C. Memo. 2009-230.  It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, may question jurisdiction at any time, even after the case has been tried and briefed.  Romann v. Commissioner, 111 T.C. 273, 280 (1998); Space v. Commissioner, supra.

Mrs. Swanton was entitled to a collection hearing with respondent's Appeals Office with respect to the trust fund recovery penalties only upon the basis of the first pre-levy or post-levy notice sent to her last known address.  See sec. 301.6330-1(b)(2), Q&A-B2, Proced. & Admin. Regs.  With respect to the trust fund penalties, respondent sent Mrs. Swanton a Letter 1153 during 2002 and the 2003 notice of levy.[8]  Mrs. Swanton forfeited her right to a collection hearing with respondent's Appeals Office and judicial review of respondent's determination by not timely requesting a hearing in response to the first of those notices sent to her last known address.  Id.  However, respondent also sent petitioners the 2007 notice of levy with

_____

[8]Respondent mailed Mrs. Swanton a Letter 1153 dated Oct. 23, 2002 addressed to 1167 W. Lake Ave.  The parties stipulated that Mrs. Swanton's Letter 1153 was returned unclaimed and that petitioners' address at the time of filing the instant case was 1167 Lake Ave.  Additionally, during a February 2000 interview with respondent regarding the trust fund recovery penalties, Mrs. Swanton listed her address as 1167 Lake Ave.  We need not decide whether Mrs. Swanton's Letter 1153 was the first pre-levy notice sent to her last known address because, as stated above, Mrs. Swanton does not dispute that she received the 2003 notice of levy, or that it was sent to her last known address.

respect to the trust fund recovery penalties.  Petitioners timely requested, and respondent's Appeals Office conducted, a hearing with respect to the 2007 notice of levy.  Respondent was not obligated under section 6330(b) to conduct another hearing for Mrs. Swanton.  See <u>Orum v. Commissioner</u>, <u>supra</u> at 11; see also <u>Pragasam v. Commissioner</u>, T.C. Memo. 2006-86 (finding a similar result in a lien setting), affd. 239 Fed. Appx. 325 (9th Cir. 2007).  Therefore, as to Mrs. Swanton, the hearing was an equivalent hearing.[9]  See <u>Orum v. Commissioner</u>, <u>supra</u>.  Where a taxpayer fails to timely request a collection hearing, a decision letter following an equivalent hearing does not constitute a determination pursuant to section 6330(d)(1) which provides a basis for a taxpayer to invoke the Court's jurisdiction.  <u>Id.</u>; sec. 301.6330-1(i)(2), Q&A-I6, Proced. & Admin. Regs.  Accordingly, the decision letter issued to Mrs. Swanton is not a proper basis for her to invoke this Court's jurisdiction.  Consequently, we will dismiss the case as to Mrs. Swanton for lack of jurisdiction with respect to the trust fund recovery penalties.

---

[9]An equivalent hearing is an administrative hearing provided to a taxpayer who fails to make a timely request for a collection hearing with the Commissioner's Appeals Office.  Sec. 301.6330-1(i)(1), Proced & Admin. Regs.  An equivalent hearing is conducted similarly to a regular collection hearing; however, it does not result in a notice of determination, but rather a decision letter.  <u>Id.</u>

The record is less than clear regarding whether Mr. Swanton had a prior opportunity to contest the underlying liability relating to the trust fund recovery penalties. The parties stipulated that Mr. Swanton was mailed a Letter 1153 regarding those penalties.[10] However, the parties also stipulated that Mr. Swanton's Letter 1153 was returned unclaimed. Respondent failed to argue or present evidence that Mr. Swanton deliberately refused to receive his Letter 1153. See Mason v. Commissioner, supra at 318. Mr. Swanton did not contest his liability for the trust fund recovery penalties until the Appeals Office hearing that preceded the instant case. See McClure v. Commissioner, T.C. Memo. 2008-136. Nor did Mr. Swanton receive or refuse receipt of the Letter 1153 mailed to him. Additionally, respondent sent the 2003 notice of levy solely to Mrs. Swanton. Accordingly, we hold that Mr. Swanton has not had a prior opportunity to contest the underlying liability of the trust fund recovery penalties. Consequently, we review the trust fund recovery penalties with respect to Mr. Swanton de novo.

Section 6672 imposes a penalty for the willful failure to collect, account for, and pay over income and employment taxes of employees. Trust fund recovery penalties are assessed and

[10]Respondent mailed separate Letters 1153 to petitioners. Mr. Swanton's Letter 1153 was addressed to 1167 Lake Ave. However, a copy of certified mailing for the Letters 1153 was provided only as to Mrs. Swanton.

collected in the same manner as tax against a person including
"an officer or employee of a corporation, or a member or employee
of a partnership who as such officer, employee, or member is
under a duty to perform" the duties referred to in section 6672.
Sec. 6671(b).  Such persons are referred to as "responsible
persons" and the term may be broadly applied.  <u>Mason v.
Commissioner</u>, 132 T.C. at 321.  A trust fund recovery penalty may
be assessed against any responsible person and is separate from
the employer's responsibility for the unpaid income and
employment taxes.  Sec. 6672(a); <u>Mason v. Commissioner</u>, <u>supra</u> at
321.

Petitioners do not dispute that Mr. Swanton was given
preliminary notice[11] or that Mr. Swanton willfully failed to pay
the trust fund taxes.  See sec. 6672.  Rather, petitioners
dispute whether Mr. Swanton was a responsible person.

An individual's designation as a responsible person is based
"upon the degree of influence and control which the person
exercised over the financial affairs of the corporation and,

---

[11]Sec. 6672(b)(1) and (2) provides:  (1) That no penalty may
be imposed unless the Secretary notifies the taxpayer in person
or in writing by mail to the taxpayer's last known address that
the taxpayer shall be subject to assessment for such penalty; and
(2) that in-person delivery or mailing of the notice must precede
any notice and demand for payment of the trust fund recovery
penalty by at least 60 days.  <u>Mason v. Commissioner</u>, 132 T.C. 301
(2009); <u>Hickey v. Commissioner</u>, T.C. Memo. 2009-2.  Actual
receipt of the Letter 1153 is not required in order to prove that
the Commissioner provided the required preliminary notice.
<u>Hickey v. Commissioner</u>, <u>supra</u>.

specifically, disbursement of funds and the priority of payments to creditors." Gephart v. United States, 818 F.2d 469, 473 (6th Cir. 1987).[12] Indications of being a responsible person include the following factors:

> (1) the duties of the officer as outlined by the corporate by-laws;
> (2) the ability of the individual to sign checks of the corporation;
> (3) the identity of the officers, directors, and shareholders of the corporation;
> (4) the identity of the individuals who hired and fired employees; [and]
> (5) the identity of the individuals who are in control of the financial affairs of the corporation.

Kinnie v. United States, 994 F.2d 279, 283 (6th Cir. 1993) (citing Gephart v. United States, supra at 473).

Mr. Swanton testified that he was president and owned 100 percent of Stripco. While he dealt primarily with sales, Mr. Swanton had substantial authority over the financial affairs of Stripco. Mr. Swanton could hire or fire employees, order equipment for Stripco, direct payment of bills, and negotiate on Stripco's behalf. Additionally, Mr. Swanton could borrow on behalf of Stripco and open and close bank accounts in Stripco's name. Mr. Swanton also signed several of Stripco's Federal income tax returns. Accordingly, we conclude on the basis of his

_____

[12]Absent stipulation to the contrary, any appeal of the instant case would be to the Court of Appeals for the Sixth Circuit. The Tax Court follows the law of the court to which an appeal would lie if that law is on point. Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

status, duty, and authority that Mr. Swanton exercised a sufficient degree of responsibility and control over Stripco's financial affairs to be a responsible person. Therefore, we conclude that Mr. Swanton is liable for the trust fund recovery penalties assessed against him.

Finally, we address whether Ms. Coronado abused her discretion in denying petitioners a collection alternative. Decisions regarding collection alternatives do not go to underlying liability and are, therefore, reviewed for abuse of discretion. Olsen v. United States, 414 F.3d 144, 153 (1st Cir. 2005); Davis & Associates, LLC v. Commissioner, T.C. Memo. 2008-292. Petitioners indicated on their request for an Appeals Office review that they would like to make an offer-in-compromise. However, petitioners failed to cooperate in scheduling a hearing, submit financial information, or propose terms of an installment agreement or an offer-in-compromise during the Appeals Office proceedings. After Ms. Coronado's determination sustaining collection, petitioners submitted information regarding the trust fund recovery penalties, and respondent abated some of those penalties. However, there was no abuse of discretion in Ms. Coronado's failing to consider collection alternatives because no collection alternatives were submitted during the Appeals Office review. See Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). Additionally, petitioners

generally cannot raise an issue in this Court that they did not raise during their Appeals Office hearing.  See <u>Giamelli v. Commissioner</u>, 129 T.C. at 115; <u>Magana v. Commissioner</u>, 118 T.C. 488, 493 (2002); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Accordingly, we hold that Ms. Coronado did not abuse her discretion in failing to consider collection alternatives.

The Court has considered all of the arguments made by the parties and, to the extent we have not addressed them herein, we consider them unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concessions,

<u>An appropriate order and decision will be entered</u>.